WINN *v.* ADJUSTABLE TABLE CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—AGREEMENT FOR COMPENSATION—FRAUD—REPUDIATION.

Where there was no evidence of any deceit practiced by the agent of an insurance company in obtaining an injured employee's signature to an agreement for compensation for the loss of a finger, and he did not ask to have it read, nor read it himself, although competent to do so, and he claims that he supposed it was a receipt, he will not be heard to deny its validity.

2. SAME—WORKMEN'S COMPENSATION ACT—REVIEW BY INDUSTRIAL ACCIDENT BOARD.

Such agreement may be reviewed by the Industrial Accident Board, upon proper showing, under section 13, pt. 3, Act No. 10, Extra Session 1912, and the compensation ended, diminished, or increased in accordance with the law and facts, but, as a general rule, the essentials leading up to the award are to be taken as *res adjudicata*, except the physical condition of the injured employee.

3. SAME—WORKMEN'S COMPENSATION ACT—PARTIAL DISABILITY—LOSS OF FINGER.

The order of the Industrial Accident Board setting aside an agreement between the employer's insurer and the injured employee fixing the compensation for the injury as provided in the law for the loss of a finger, and awarding

compensation as for partial disability, is reversed, for the reason that the loss of the finger, combined with a former accident, rendered the employee totally incapacitated from following his trade as a carpenter, and the provisions of the law providing compensation for partial disability are inapplicable (section 10, pt. 2, Act No. 10, Extra Session 1912), and the agreement entered into was in accord with the law and should stand.

### ON REHEARING.

4. SAME—BASIS OF AWARD.

  *Held,* the claim of applicant that the award of the board was based in part upon an impairment of the shoulder, due to the accident, is not sustained upon the record, and the former decision is affirmed.

Certiorari to the Industrial Accident Board. Submitted April 24, 1916. (Docket No. 67.) Decided September 26, 1916. Resubmitted June 27, 1917. Former opinion affirmed July 26, 1917.

Edward H. Winn petitioned the Industrial Accident Board for an order setting aside an agreement entered into by him with the United States Fidelity & Guaranty Company, insurer of the Adjustable Table Company, for compensation for injuries received in the course of his employment. From an order setting aside said agreement and awarding additional compensation, respondents bring certiorari. Reversed.

*Travis, Merrick & Warner,* for appellants.

*H. Monroe Dunham* and *John M. Dunham,* for appellee.

Edward H. Winn, the claimant, while employed by the defendant the Adjustable Table Company, had the third finger of his right hand cut off, between the first and second joints, by a ripsaw. He was taken to a hospital, where the finger was amputated at the second

joint. The accident occurred on the 21st of October, 1914. Necrosis of the bone having set in, the finger was opened on November 11th, and the bone scraped. On the 21st of November it was found necessary to remove the entire finger, and to take out the metacarpal bone up to the metacarpal joint. Thereafter the wound healed slowly, and claimant suffered considerable pain in his shoulder, which continued to the time of the hearing before the Industrial Accident Board. One of the physicians who examined claimant thought that the pain was caused by an inflammation of the joint capsule, called arthritis, caused by the germs and poison of the decaying tissue. The other was of the opinion that the trouble with the shoulder had no connection with the injury to the finger.

Several years before his employment by defendant, claimant had suffered an injury by which he had lost the larger part of the three other fingers of the right hand; but up to the present accident, by the use of the thumb and the third finger, he had been able to follow his trade as a carpenter. With the loss of the third finger also he was no longer able to work at his trade.

On the 28th day of November, 1914, claimant entered into an agreement for compensation with the insurance company carrying the risk. By this agreement he was to receive $7 per week for a period of 20 weeks. That was the amount provided by statute for the loss of a third finger. Nineteen weekly payments were made to claimant under this agreement; but he declined to receive the last payment, and, on the 6th day of May, 1915, filed a petition with the Industrial Accident Board asking that the agreement be set aside and that further compensation be awarded him. To this petition an answer was filed by the Fidelity & Guaranty Company; and at the hearing an order was

made by the Industrial Accident Board allowing claimant compensation at the rate of $7 per week during the period of his disability, but not to exceed, in all, 200 weeks. Defendants bring the case to this court by certiorari, insisting:

(1) That the agreement in regard to compensation, made by the parties, is binding upon them, and correctly states the compensation to which claimant is entitled; and

(2) That the award of the Industrial Accident Board is for a disability arising largely from an injury in no way connected with the accident in controversy; and that it is in excess of the amount allowed by the compensation act.

PERSON, J. (*after stating the facts*). It is not shown that any deceit was practiced by the agent of the insurance company in obtaining the agreement for compensation. Claimant says that he supposed it was a receipt when he signed it, but that he did not ask to have it read, nor did he read it himself, although he was competent to do so. Under these circumstances he will not be heard to deny the validity of the agreement. *Sanborn* v. *Sanborn*, 104 Mich. 180 (62 N. W. 371). But such an agreement may undoubtedly be reviewed by the Industrial Accident Board upon a proper showing, under section 13, pt. 3, of the act (2 Comp. Laws 1915, § 5466), and the compensation ended, diminished, or increased in accordance with the law and the facts. Upon such a review, as said in *Estate of Beckwith* v. *Spooner*, 183 Mich. 323 (149 N. W. 971):

"It can be stated as a general rule that the essentials leading up to the award, or its equivalent, are to be taken as *res adjudicata*, except the physical condition of the injured employee, which naturally and legally remains open to inquiry."

But the facts do not bring this case within any provision of the law that will permit an increase of compensation beyond the amount stated in the agreement.

The Industrial Accident Board found that claimant was totally incapacitated from following his trade as a carpenter, but it also found, as it necessarily must have found, that the total incapacity was not the result of the present accident alone, but of that in conjunction with the earlier accident. As was held by this court in *Weaver* v. *Maxwell Motor Co.*, 186 Mich. 588 (152 N. W. 993, L. R. A. 1916B, 1276):

"The absence of either accident would have left the claimant partially incapacitated. We think it clear the total incapacity cannot be entirely attributed to the last accident. It follows that the compensation should be based upon partial incapacity."

But how can an award for partial disability be made, under the statute, in the presence of a total actual disability, except as a specific liability under the schedule in section 10 of part 2? There is no way by which we can fix the duration of a partial disability that has been merged in a total disability. This is true even if the partial disability is, as asserted by claimant, something more than the mere loss of the finger. And, if we could approximate its probable duration, there is no method provided for determining the amount of the compensation. The section referred to says:

"While the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee a weekly compensation equal to one-half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter." Act No. 10, Pub. Acts 1912, Extra Session, pt. 2, § 10 (2 Comp. Laws 1915, § 5440).

And it is impossible to know how much the claimant might have earned if suffering only from the partial disability, when, as a matter of fact, he cannot earn anything because of the total disability. The difficulty is illustrated by the award that the Industrial Accident Board made. That board found a total disability,

but did not make an award for total disability, inasmuch as it limited the payments to a period not exceeding 200 weeks, when for total disability they might have extended through a period of 500 weeks. Nor, on the other hand, did the board measure the amount of compensation by the statutory rule for partial disability. It evidently treated the injury as the loss of an arm for which the period of compensation is 200 weeks. But the arm was not lost within the meaning of the statute, and the order was unauthorized. It was an attempt to meet a situation not provided for by the statute, and neither the Industrial Accident Board nor this court has any power to do that.

The injury must be treated simply as the loss of the third finger, for which the claimant is specifically compensated by the terms of the statute. The agreement entered into by the parties was in accord with this provision, and must stand.

The order of the Industrial Accident Board is reversed, and the petition dismissed, but without costs.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.

### ON REHEARING.

FELLOWS, J. We were led to grant a rehearing in this case upon the claim made by the applicant that the award of the board rested in part at least upon an impairment of the shoulder, due to the accident, and by the insistence of counsel that we had overlooked this finding of the board in determining the case. We have re-examined the case, aided by briefs filed upon the rehearing, and conclude that the case made upon this record was correctly decided. In applicant's petition to the board to set aside and review the agreement there is no claim of disability by reason of any impairment of the shoulder. The petition alleges:

"That because of the condition of his hand he will suffer partial disability for the performance of work of any kind for the remainder of his life."

The testimony as to the cause of the condition of applicant's shoulder was in conflict. While the board mentioned the inflammation about the shoulder, there was no finding that the condition of the shoulder in any way contributed to applicant's disability, or that it was caused by the accident, and it was not made the basis of the award, and did not enter into it. The award was based upon the finding that the injury, "together with the previous loss of other members of the same hand," produced a total incapacity. In making the order it did, based upon this finding, the board was in error. The order is reversed and the petition dismissed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.