JAMES WALSH'S CASE.

Suffolk.　November 16, 1916. — June 4, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act,* Subsequent insanity, Procedure. *Insane Person. Evidence,* Matters of common knowledge.

If an injured employee to whom an award of compensation has been made under the workmen's compensation act subsequently becomes insane, his insanity does not put an end to his right to compensation.

In passing upon a claim under the workmen's compensation act the arbitration committee and the Industrial Accident Board have the right to act upon their own knowledge in determining what amount can be earned by an ordinary day laborer and are under no obligation to receive evidence on the subject before passing on the question.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board, awarding compensation to James Walsh, who at the time of his injury was employed as a boiler maker by the Wholley Boiler Works, a corporation.

In the Superior Court the case was heard by *Morton*, J. The facts found by the arbitration committee are stated in the opinion. The Industrial Accident Board upon an application for a review adopted the findings and decision of the arbitration committee and found that there was due to the employee as compensation for partial incapacity a weekly payment of $3.75, being one half of the difference between the average weekly wages he was able to earn after the injury and the average weekly wages of $15 which he was able to earn before the injury; that the compensation should continue from June 14, 1915, when it was stopped by the insurer, to September 22, 1915, the date of the hearing, namely, fourteen and two sevenths weeks, amounting to $53.57, and that the compensation should continue at the rate of $3.75 a week during the remainder of the statutory period of three hundred weeks, for which he had not been paid previously.

The judge made a decree in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

The case was submitted on briefs.

*H. S. Avery*, for the insurer.

*H. R. Brigham*, for the employee.

LORING, J. The main question here is whether subsequent insanity defeats an employee's right to compensation under the workmen's compensation act.

The employee, a boiler maker by trade, was injured on July 1, 1913. In the course of his work as such he had to climb ladders and to work on stagings. The result of the injury was that his right leg was shortened two and one half inches. In the opinion of the physician called by the insurance company (adopted by the

arbitration committee and the board) that prevented him from doing the work of a boiler maker but it left him "able to perform any ordinary, manual labor, such as shovelling or anything of this sort, just as well as other men." The weekly wages earned by him as a boiler maker came to $15. The insurance company paid him one half these wages until he had recovered from the injury except for the shortening of his leg. When this happened the company refused to make further payments. Subsequently he became insane and thereby was prevented from doing any work. The arbitration committee found that the partial incapacity resulting from the shortening of the leg was a permanent one; that he could have earned $7.50 a week as a laborer and awarded him $3.75 a week for the balance of three hundred weeks, with leave to either party to apply under Part III, § 12, and under "the general provisions of the statute."

We are of opinion that subsequent insanity does not deprive an employee of compensation due him under the provisions of the workmen's compensation act. Indeed the effect of subsequent insanity and the only effect of it is to make greater the employee's need to have that compensation which apart from the subsequent disability justice required the employer to pay him. And the cases are to that effect. *Harwood* v. *Wyken Colliery Co.* [1913] 2 K. B. 158. *McNally* v. *Furness, Withy & Co. Ltd.* [1913] 3 K. B. 605. See also in this connection *Cory Brothers & Co. Ltd.* v. *Hughes*, [1911] 2 K. B. 738.

The insurance company has argued that the subsequent insanity of the employee stands on all fours with the subsequent death of a dependent. The purpose of the workmen's compensation act is to make a personal injury suffered by an employee an incident of the business in which he is employed when it arises out of and in the course of his employment. To accomplish that purpose it is provided by that act that as matter of justice the resulting burden shall be borne by the employer without regard to the question of fault on the part of the employee. In carrying out that measure of justice the act provides that in case the injury results in the death of an employee compensation shall be made to those dependent upon him. It was decided in *Murphy's Case*, 224 Mass. 592, that the subsequent death of a dependent ends his right to compensation. But none of the considerations upon

which that conclusion was reached exist in the case of a permanent partial incapacity for work caused by an injury within the act and a subsequent total disability coming from an outside cause. In that case (as we have said) the only effect of the subsequent total disability is to make greater the employee's need to have that compensation which under the act justice required the employer to make to him.

The insurer relies upon what was said by the Supreme Court of Michigan in *Winn* v. *Adjustable Table Co.* 193 Mich. 127. In deciding that the loss of a third finger by reason of an injury within the workmen's compensation act should be dealt with as the loss of a finger and not as the loss of a whole arm in a case where the employee before the injury had on that hand the thumb and third finger only that court said: "It is impossible to know how much the claimant might have earned if suffering only from the partial disability, when, as matter of fact, he cannot earn anything because of the total disability." The decision in that case is not of consequence here. See in that connection *Branconnier's Case*, 223 Mass. 273. We are unable to agree with this reasoning. There is not a court day in the year when some jury is not passing upon a question of fact quite as difficult to decide as the question of what the claimant might have earned when suffering from partial disability only, when as matter of fact he was not able to earn anything because of a subsequent total disability. See in this connection *Barry* v. *New York Holding & Construction Co.* 226 Mass. 14; *C. W. Hunt Co.* v. *Boston Elevated Railway*, 199 Mass. 220. The decision made is fairly within what was said in *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 8.

We are of opinion therefore that subsequent insanity did not defeat the employee's right to compensation under the act.

The other objection taken by the insurer is that there was no evidence as to what amount an ordinary laborer would have earned and for that reason it was not open to the arbitration committee and the Industrial Accident Board on review to make a finding that he would have earned $7.50. As was said in *Carroll's Case*, 225 Mass. 203, 208, the proceedings before the committee and the board of review ought not to be hampered by technicalities. We are of opinion that in determining the amount

which can be earned by a day laborer the committee and board had a right to act upon their own knowledge.

The result is that the decree of the Superior Court must be affirmed and it is

*So ordered.*