# FEBRUARY SESSION, 1966.

PENDELL *v.* NORTHWESTERN LEATHER COMPANY.

1. WORKMEN'S COMPENSATION—CONTINUING JURISDICTION OF DEPART-
   MENT—ALTERATION OF AWARD.
   The workmen's compensation department has continuing juris-
   diction to alter awarded compensation upon proof of changed
   facts.

2. SAME—ENDING COMPENSATION.
   The statutory method of ending workmen's compensation as spe-
   cially fixed by the statute is exclusive (CLS 1961, § 412.9).

3. SAME—ENDING COMPENSATION.
   Neither the administrative agency charged with the administra-
   tion of the workmen's compensation act nor a court reviewing
   its action has the power to terminate or reduce an award of
   workmen's compensation in a situation not provided for by
   statute (CLS 1961, § 412.9).

4. SAME—REDUCTION OF COMPENSATION—AGE OF DEPENDENTS—SUP-
   PORT OF CHILDREN.
   Reduction of award of workmen's compensation to employee whose
   3 grandchildren were dependent upon her at time of injury
   may not be made merely because they cease to receive more
   than half of their support from the injured employee, where
   statute does not provide for termination of compensation in

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 498.
   Res judicata as regards decisions or awards under workmen's com-
      pensation acts. 122 ALR 550.
   Workmen's compensation: time and jurisdiction for review, reopen-
      ing, modification, or reinstatement of award or agreement. 165
      ALR 9.
[2, 3] 58 Am Jur, Workmen's Compensation § 499 *et seq.*
[4, 5] 58 Am Jur, Workmen's Compensation § 501.
[6] 5 Am Jur 2d, Appeal and Error § 1009.

such a situation until the lapse of 6 months after children reach age of 16 and cease to receive more than half of their support from the injured employee (CLS 1961, § 412.9).

5. Same—Dependents—Change of Circumstances.
Determination of workmen's compensation appeal board that injured employee's married daughter who was a dependent at the time of the injury was no longer a dependent *held*, supported by record, due to change of circumstances in that she was divorced and remarried (CLS 1961, § 412.9).

6. Costs—Public Question—Reduction of Workmen's Compensation.
No costs are allowed on appeal in proceeding to reduce workmen's compensation awarded to claimant with dependents consisting of a married daughter and the daughter's 3 minor children upon the daughter's divorce and remarriage and reduction in proportion of the employee's proportion of support to less than 50% for the children, a public question being involved (CLS 1961, § 412.9).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 October 7, 1965, at Grand Rapids. (Docket No. 98.) Decided February 9, 1966.

Martha Pendell presented a claim for compensation against Northwestern Leather Company and Liberty Mutual Insurance Company, for an injury suffered April 1, 1957. On May 1, 1961, defendants petitioned for a reduction of compensation. Referee ordered compensation reduced. Workmen's Compensation Appeal Board modified referee's order. Defendants appeal. Affirmed.

*Goodman, Crockett, Eden, Robb & Philo* (*Morton A. Eden* and *William Goodman*, of counsel), for plaintiff.

*Burney C. Veum*, for defendants.

T. G. KAVANAGH, J.  This appeal from the decision of the workmen's compensation appeal board presents two issues for determination.

1. How may compensation benefits be reduced when dependency ceases?

2. Does dependency of a child over 16 at the time of injury terminate when such child ceases to receive more than one-half of his support from the injured employee?

The claimant, Martha Pendell, received compensation for an injury suffered on April 1, 1957. As of that date she had four dependents, a married daughter and the daughter's three minor children.

On May 1, 1961, defendants petitioned for a reduction of compensation on the grounds that (1) the claimant's daughter had received aid to dependent children, and (2) the claimant's daughter was divorced and remarried and neither the daughter nor the children were receiving more than 50% of their support from the claimant.

When the claimant's answer to the petition admitted these facts the referee ordered the compensation reduced by elimination of the award for these four dependents.

The appeal board modified the decision of the referee and eliminated only the claimant's married daughter as a dependent.

The appellants argue that the department has continuing jurisdiction to alter awarded compensation upon proof of changed facts. They cite many cases in support of their proposition. *Allen* v. *National Twist Drill & Tool Company* (1949), 324 Mich 660; *Winn* v. *Adjustable Table Co.* (1916), 193 Mich 127; *Letourneau* v. *Davidson* (1922), 218 Mich 334; *Szczucki* v. *Cadillac Motor Car Co.* (1940), 294 Mich 271; *Millaley* v. *City of Grand Rapids* (1925), 231 Mich 10; and *Grycan* v. *Ford Motor Company*

(1939), 291 Mich 241. But this is not disputed. The appellee admits that the department has jurisdiction to alter the award, but insists that the circumstances of such alteration are spelled out in the statute and must control its action.

We agree.

CLS 1961, § 412.9 (Stat Ann 1960 Rev § 17.159) being section 9 of part 2 of the workmen's compensation law provides in pertinent part:

"(d) Weekly payments to any injured employee shall be reduced by the additional amount provided for any dependent child or husband or wife or other dependent when such child either reaches the age of 21 years or after becoming 16 ceases for a period of 6 months to receive more than one-half of his support from such injured employee, if at such time he or she is neither physically nor mentally incapacitated from earning, or when such husband or wife shall be divorced by final decree from his or her injured spouse, or when such child, husband or wife or other dependent shall be deceased."

This provides that in exercising its continuing jurisdiction to alter awards, the department shall reduce the payment to an injured employee:

1. When a dependent spouse shall be divorced or die,

2. When a dependent child (not mentally or physically incapacitated from earning),

(a) reaches the age of 21

(b) reaches the age of 16 and thereafter for a period of 6 months ceases to receive more than one-half of his support from the injured employee

(c) dies; and

3. When any other dependent dies.

In the case at bar, the grandchildren are "other dependents". Whether the statute should provide for the reduction of compensation when an "other dependent" ceases to receive more than one-half his

support from the injured employee is for the determination of the legislature. As the act stands it does not so provide.

The principles stated by the Supreme Court in *Grycan, supra,* and *Winn, supra,* control us here:

"When the method by which compensation may be ended is specially fixed by the statute, such statutory method of ending compensation is exclusive." *Grycan, supra,* p 248.

"It was an attempt to meet a situation not provided for by statute and neither the industrial accident board* nor this Court has any power to do that." *Winn, supra,* p 132.

The second issue is the effect on a compensation award when a dependent child who is over 16 at the time of the injury ceases to receive more than one-half of his support from the injured employee for a period of 6 months.

As we read the provisions of subdivision (d) above, the compensation is to be reduced when a dependent child who is over 16 ceases to receive more than one-half of his support from the injured employee for a period of 6 months. For the purposes of this provision it does not matter what the dependent child's age was at the time of the injury.

The receipt of over one-half his support is a factual determination and not here disputed. Thus the appeal board's determination that the injured employee's daughter is no longer a dependent is supported by the record.

Affirmed. No costs awarded, a question of public interest being involved.

BURNS, P. J., and HOLBROOK, J., concurred.

---

* The administration of the workmen's compensation act is presently vested in the workmen's compensation department and the workmen's compensation appeal board. See CLS 1961, §§ 408.2, 408.10 (Stat Ann 1960 Rev §§ 17.6[8], 17.6[16]).—REPORTER.