## NOWAK *v.* SHEDD-BARTUSH FOODS, INC.

1. WORKMEN'S COMPENSATION—DEPENDENT CHILDREN—AGE.

    The right of an injured employee to increased weekly benefits because of the dependency of children over the age of 16 years is, under the provisions of the workmen's compensation act, determined at the time of the injury (CLS 1961, §§ 412.9[c], 412.9[e]).

2. SAME—DEPENDENT CHILDREN—AGE 16.

    The right of an injured employee to receive continued compensation for dependency of a child over the age of 16 years is, under the workmen's compensation act, to be determined at any time a parent allegedly fails to contribute at least 1/2 of the child's support for a period of 6 months after the child has reached 16, if such child is then neither physically nor mentally incapacitated from earning (CLS 1961, § 412.9 [d]).

3. SAME—DEPENDENCY OF CHILD OVER 16.

    Claim by plaintiff that the legislature, in enacting statute providing that dependency of a child over 16 is to be determined as a question of fact, intended only that benefits for such child should be decreased if such child shall, from his own earnings, in fact contribute more than 1/2 of his own support *held*, without merit, where statute specifically provides (1) that no person shall be deemed a dependent who receives less than 1/2 his support from an injured employee and (2) that a child over 16 shall not be considered supported by an injured employee if he fails to receive more than 1/2 his support from an injured employee for any 6-month period after reaching the age of 16 and is neither physically nor mentally incapacitated from earning (CLS 1961, § 412.9[c]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4, 6–8] 58 Am Jur, Workmen's Compensation §§ 307, 443, 450, 460, 461.
[5] 58 Am Jur, Workmen's Compensation §§ 522–525, 530.
[9] 5 Am Jur 2d, Appeal and Error § 1009.

4. Same—Dependency of Child Under 16.

The legislature has set forth a conclusive presumption that a child under 16, living with an injured parent at the time of the parent's injury, is dependent for support on the injured employee, without regard to whether the injured employee in fact contributes to the support of the child (CLS 1961, § 412.9[b][2]).

5. Same—Statutory Provisions.

There are many seemingly arbitrary provisions and disparities in the workmen's compensation act, but if it is clear, the courts have a duty to apply it as they find it, leaving to the legislature the task of correcting it.

6. Same—Dependency of Child Over 16.

Failure of an injured employee to contribute over 1/2 the support of a child for a period of 6 months after the child has reached the age of 16 *held*, to cause the child to cease to be a dependent under the workmen's compensation act, where the child is not physically or mentally incapacitated from earning, regardless of the fact that the inability of the injured employee to contribute such support was caused solely because of a reduction of earnings as a result of the injury (CLS 1961, § 412.9[c], [d]).

7. Same—Dependency of Child Over 16.

Determination that, under workmen's compensation act, failure of a parent to contribute to the support of a child over 16 for a period of 6 months after the child reaches 16 results in the loss of dependency of the child for compensation purposes, does not require consideration of the possibility that an unscrupulous employer, by reason of the delay in workmen's compensation proceedings and the resultant loss of income to a parent, will be in position to claim that a child over 16 is not a dependent when the parent would have contributed 1/2 the support of such child had compensation been paid when due, where such factual situation is not presented to the court (CLS 1961, § 412.9 [c], [d]).

8. Same—Dependency of Child Over 16—Support.

Decision of workmen's compensation appeal board that the child of an injured employee, who had admittedly not received 1/2 his support from such injured employee for a period of more than 6 months after the child reached 16, remained a dependent, within the meaning of the workmen's compensation act, because the failure to contribute such support was

due solely to the injury and loss of income caused thereby *held,* error, where the statute specifically provides (1) that the dependency of a child over 16 shall be determined as a question of fact, (2) that no person shall be deemed a dependent who receives less than 1/2 of his support from an injured employee, (3) that payments be reduced for any dependent child who, after becoming 16, ceases for a period of 6 months to receive more than 1/2 his support from the injured employee if neither physically nor mentally incapacitated from earning, since the court is required to apply the law as written regardless of inequities that may result (CLS 1961, § 412.9[c], [d]).

9. COSTS—APPEAL AND ERROR—CONSTRUCTION OF STATUTES.
    No costs are allowed on appeal where the interpretation of a statute is involved.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 February 9, 1967, at Detroit. (Docket No. 2,062.) Decided November 27, 1967. Leave to appeal granted March 6, 1968. See 380 Mich 761.

Helen Nowak filed an application for additional workmen's compensation benefits against Shedd-Bartush Foods, Inc., and Zurich Insurance Company, its insurer, claiming dependency of 2 children who had passed the age of 16. The referee found that 1 daughter continued to be a dependent, and awarded compensation accordingly. Defendant appealed to Workmen's Compensation Appeal Board. Affirmed. Defendant appeals. Reversed.

*Kelman, Loria, Downing & Schneider,* for plaintiff.

*Lacey & Jones (F. L. Sylvester,* of counsel), for defendants.

McGREGOR, J. This case comes to this Court by way of leave to appeal from a decision of the work-

men's compensation appeal board. The question for decision in this matter is the interpretation of part 2, § 9 of the workmen's compensation act, CLS 1961, § 412.9 (Stat Ann 1960 Rev § 17.159), and its application to facts with which there is no controversy. This appears to be a case of the first impression in this State. The pertinent portion of part 2, § 9 of the act states:

"(d) Weekly payments to any injured employee shall be reduced by the additional amount provided for a dependent child  *  *  *  when such child * * * after becoming 16 ceases for a period of 6 months to receive more than half of his support from such injured employee if at such time he or she is neither physically or mentally incapacitated from earning."

The workmen's compensation appeal board has summarized the facts very well in its opinion and we adopt that summarization as fully shown by the record. Most of these facts were stipulated by the parties:

"Plaintiff suffered an injury which arose out of and in the course of employment with defendant on August 1, 1957. Defendant concedes that at the time of injury plaintiff had two dependent daughters. Compensation was paid voluntarily at the rate of $40 per week, until July 19, 1960, and then at the rate of $36 per week until June 17, 1962. Thereafter compensation has been paid at the rate of $33 per week. There is no dispute over plaintiff's right to receive compensation for disability resulting from the injury received, the sole dispute being over the question of dependency which we detail more fully hereinafter. The referee held that daughter Helen ceased to be a dependent in 1962 and reduced compensation 6 months thereafter. Daughter Julia was held to be still a dependent within the meaning of

the workmen's compensation act and compensation was directed paid accordingly.  *  *  *

"Plaintiff is the female half of a marital union which has begotten two siblings. A daughter Helen was born on January 20, 1944; a daughter Julia was born on December 18, 1945. Plaintiff was injured on August 1, 1957, and at that time these children were under 16 years of age. Both plaintiff and her husband worked and their earnings were pooled. The family drew the needed funds from the financial pool when the occasion to do so arose. At the time of plaintiff's injury her earnings were greater than that of her husband and because of this fact, she was contributing more to the family's financial pool than did her husband. Now that plaintiff is disabled, because of the injury received, and is limited to the compensation payable at 1957 rates, her contribution to the family's financial pool is less than that of her husband. The two children, being under 16 years of age at the time of the injury, were conclusively presumed to be dependent upon their mother. (*Bovee* v. *Robert Gage Coal Company* [1952], 332 Mich 259.)

"Defendant reduced compensation payments to plaintiff 6 months after each child reached her 16th birthday. Their action was based upon the claim that plaintiff was not then furnishing at least one-half of the support of these children. Plaintiff does not deny this fact, but claims her failure to contribute her full share to the financial pool was due to the facts of injury and the small amount she received by way of compensation therefor.

"Plaintiff concedes that daughter Helen became employed on July 18, 1962, and did cease to be dependent 6 months thereafter on January 17, 1963. The daughter Julia is still in school and as dependent upon the family financial funds as she was at the time of injury. Plaintiff claims compensation should be continued at the proper rate for one dependent until that dependent earns at least one-half of her own support or reaches the age of 21.

"But for the injury, this employee would still be contributing her share of the money to the family's fund. However, because of the injury, she is totally disabled and her contribution to the fund is limited to the amount which she receives as compensation for her injury. Because of this fact she no longer furnishes at least one-half of the support for her daughter."

The workmen's compensation appeal board ruled that the referee properly awarded compensation and affirmed this order. The opinion of the board emphasized that the ruling urged by the appellants would permit an unscrupulous employer to deliberately withhold compensation from an employee with many dependents so that the injured party would have to seek financial aid for his children from another person or through charitable sources and then compensation could be reduced because the injured person no longer was furnishing one-half of the support of his children over 16 years of age. This possible result was considered "ridiculous" by the board and contrary to the intent of the legislature.

The first sentences of subparagraphs (c) and (e) of section 9 (CLS 1961, § 412.9 [Stat Ann 1960 Rev § 17.159]) require that the facts concerning the application of such provisions be determined "at the time of the injury"; subparagraph (d) of section 9 expressly requires that the facts relevant to the question now before us be determined for any 6-month period *after* the child reaches the age of 16 during which he shall cease to receive more than one-half of his support from the injured employee. It is any such 6-month period and not the time of injury which the statute, in so many words, makes the governing time for the purposes hereof.

The determination is to be made for any 6-month period *after* the child reaches the age of 16 during

which the child does not receive more than one-half of his support from the injured employee.

Plaintiff's contention that the legislature only intended to cover a situation where the child shall from his own earnings in fact contribute more than one-half of his support is answered by the statutory language itself—it is physical and mental capacity to earn rather than actual earning which is made determinative by the statute. The statute requires that the dependency of a child over 16 be determined as a question of fact after the child becomes 16, based on two factors:

(a) Whether the child is receiving more than one-half of his support from the injured employee—and the child will be deemed not to receive more than one-half of his support from the injured employee if such support ceases for any 6-month period; and

(b) Whether the child has capacity to earn, i.e., is neither physically nor mentally incapacitated from earning.

It is our opinion that there is no possible interpretation which would permit the facts to be determined at a time many years before the child becomes 16, or which would in making such interpretation exclude contributions to support other than from the injured employee and the child himself.

The legislature has set forth a conclusive presumption that a child under 16, living with the injured employee-parent at the time of his injury, is dependent for support on the injured employee without regard to whether the injured employee in fact contributes to the support of that child. (Subparagraph [b][2], of section 9.) See *Bovee* v. *Robert Gage Coal Company* (1952), 332 Mich 259. There are many seemingly somewhat arbitrary provisions and disparities in the act. However, if the act is clear it is our duty to apply it as we find it and

we must leave to the legislature the task of correcting it. *Joslin* v. *Campbell, Wyant & Cannon Foundry Co.* (1960), 359 Mich 420, 429.

In *Pendell* v. *Northwestern Leather Company* (1966), 2 Mich App 249, this Court refused to read into the act a 50%-support requirement as to "other dependents", where no such provision appeared in the statute itself. In that case, this Court affirmed the action of the appeal board in eliminating the injured employee's married daughter as a dependent. It appeared that the married daughter was receiving her support from "aid to dependent children." The suggestion in the board's opinion in this case that welfare payments should be excluded is, in a sense, contrary to its decision affirmed by this Court in *Pendell,* where it reduced compensation in respect to a child receiving aid to dependent children. Concededly, the question raised in this appeal was not raised in *Pendell.*

It is not necessary to consider whether our interpretation of the statute could be relied on by an unscrupulous employer who, by reason of delay in workmen's compensation proceedings to establish compensation, did not make payment during the relevant period for determining whether the child over 16 remains a dependent, and but for such delay the injured employee would be contributing over one-half to the support of the child out of the compensation payments. That is not the factual situation now before us.

We must take the statute as we find it even though it may seem illogical to reduce compensation for children over the age of 16 where, but for the injury and the reduced income of the injured employee, the injured employee would or might be contributing over one-half to the support of the child over the age of 16.

As distasteful as is the notion that the earning capacity of a child just 16 years old should be taken into consideration, without regard to whether the child is in fact earning anything, nevertheless, it is the legislative test. As the test was established by the legislature, any change in the test must be made by the legislature.

The judgment of the workmen's compensation appeal board affirming the report of the referee and awarding compensation is reversed. No costs are awarded, as this case involves the interpretation of a public statute.

LEVIN, P. J., and BURNS, J., concurred.