WASHBURN v AMERICAN ROOFING COMPANY

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—DEPENDENTS—STEPCHILDREN—TERMI-
NATION OF DEPENDENCY—STATUTES.

The phrase "a child" in the provisions of the Workmen's Compen-
sation Act governing dependency in instances where the work-
man is injured means a person of immature or tender years
and a child or stepchild of the injured employee; therefore, the
statute providing for reduction of benefits upon termination of
a child's dependency includes stepchildren (MCLA 412.9 [cur-
rently MCLA 418.353]).

DISSENT BY PETERSON, J.

2. WORKMEN'S COMPENSATION—DEPENDENTS—STEPCHILDREN—TERMI-
NATION OF DEPENDENCY—STATUTES.

*A stepchild is an "other dependent" rather than a "child" under
the provisions of the Workmen's Compensation Act defining
events ending dependency under the act, and the only event
terminating benefits attributable to an "other dependent" is
death of the "other dependent" (MCLA 412.9 [currently MCLA
418.353]).*

Appeal from the Workmen's Compensation Ap-
peal Board. Submitted Division 1 December 4,
1973, at Detroit. (Docket No. 13804.) Decided
March 26, 1974. Leave to appeal denied, 392 Mich
758.

Claim by David A. Washburn against the Ameri-
can Roofing Company and Citizens Casualty Com-
pany of New York for workmen's compensation.
Compensation granted. The Workmen's Compensa-
tion Appeal Board modified the referee's decision

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur 2d, Workmen's Compensation §§ 174, 179.

and ordered a reduction in benefits. Plaintiff appeals by leave granted. Affirmed.

*Kelman, Loria, Downing & Schneider* (by *Rodger G. Will),* for plaintiff.

*Eames, Petrillo & Wilcox,* for defendants.

Before: LESINSKI, C. J., and J. H. GILLIS and PETERSON,* JJ.

LESINSKI, C. J. This case is before us on leave granted to appeal a decision of the Workmen's Compensation Appeal Board. The appeal board, in modifying an earlier referee's decision, ruled that plaintiff's two stepchildren were no longer "dependents" within MCLA 412.9; MSA 17.159 (now MCLA 418.353; MSA 17.237[353]). Consequently, the board ordered reduction in the benefits being paid to the plaintiff.

At the time plaintiff was injured, his family included his wife and her two sons by a former marriage. His award included a dependency augmentation for the two children. The marriage was ended by divorce in June, 1967. At that time the eldest stepson had in fact ceased to be dependent on plaintiff. There is a stipulation that the youngest stepson ceased to be dependent-in-fact on July 15, 1968. There is concession by the plaintiff that had the boys been his own sons, his benefits, attributable to them, should have been terminated.

Plaintiff says that the case of *Pendell v Northwestern Leather Co,* 2 Mich App 249; 139 NW2d 773 (1966), mandates a reversal of the board in this case. We disagree. *Pendell* stands only for the proposition that the insurer may not move to

* Circuit judge, sitting on the Court of Appeals by assignment.

reduce benefits under subparagraph "d" of the statute (MCLA 412.9; MSA 17.159)[1] to "other dependents" under 16 years of age, merely because they no longer receive more than one-half of their support from the injured worker. In that case the injured worker continued to receive dependency augmentation payments for three grandchildren under 16 years of age though she no longer contributed more than 50% to their support. We decline to allow such an anomaly where the legislation does not allow it.

As we read this statute, the stepchildren of the injured employee are "dependent children" under § 353(2). In arriving at this construction we read § 353 as a whole. The act provides special rules governing dependency in instances where the workman is injured. MCLA 418.353(1)(a)(b); MSA

[1] MCLA 412.9; MSA 17.159:

"(b) For the purposes of this section and of section 10, dependency shall be determined as follows:   ·

"The following persons shall be conclusively presumed to be dependent for support upon an injured employee:

"1. The wife of an injured employee living with such employee as such wife at the time of the injury.

"2. A child under the age of 16 years, or over said age, if physically or mentally incapacitated from earning, living with his parent at the time of the injury of such parent.

"(c) In all other cases questions of dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury. No person shall be considered a dependent unless he or she is a member of the family of the injured employee, or unless such person bears to such injured employee the relation of husband or wife, or lineal descendant, or ancestor or brother or sister. Except as to those conclusively presumed to be dependents, no person shall be deemed a dependent who receives less than 1/2 of his support from an injured employee.

"(d) Weekly payments to any injured employee shall be reduced by the additional amount provided for any dependent child or husband or wife or other dependent when such child either reaches the age of 21 years or after becoming 16 ceases for a period of 6 months to receive more than 1/2 of his support from such injured employee, if at such time he or she is neither physically nor mentally incapacitated from earning, or when such husband or wife shall be divorced by final decree from his or her injured spouse, or when such child, husband or wife, or other dependent shall be deceased."

17.237(353)(1)(a)(b). Subsection (a)(ii) reads that dependency is conclusively presumed where *"a child"* under 16 years of age is living with his parent at the time of the injury of such parent. We hold that here the phrase "a child", means a person of immature or tender years, in this instance under 16 years of age,[2] and the child or stepchild of the injured employee.

Any other solution, dicta in *Pendell, supra,* notwithstanding, would be a clear windfall to an injured worker. The plaintiff's position, if adopted, would lead to the absurd result that stepchildren would be preferred over children born of the union between an injured worker and his or her spouse. Furthermore, to say that the statute provides for reduction of benefits only at death would allow an injured workman to receive benefits beyond the point where dependency of the children had in fact ceased. We are convinced that the Legislature intended no such result.

Affirmed. No costs, a public question being involved.

PETERSON, J. *(dissenting)*. This case involves what plaintiff frankly concedes to be an inequitable windfall arising from the manner in which the Workmen's Compensation Act[1] deals with the termination of dependency augmentation of benefits for disabled employees. The facts do, at least, present an anomalous situation in that such benefits, when attributable to dependent stepchildren,

---

[2] Where the Legislature wanted a certain child, a natural child, or a workman's own child to receive special treatment, it plainly said so. *See* MCLA 418.331(1)(b); MSA 17.237(331)(1)(b). "In all cases mentioned in this section the total sum due the surviving spouse and his own children shall be paid directly to the surviving spouse for his own use, and for the use and benefit of his own children."

[1] MCLA 411.1 *et seq.;* MSA 17.141 *et seq.;* now MCLA 418.101 *et seq.;* MSA 17.237(101) *et seq.*

may continue long after the dependents have ceased to be such in fact, but would, had they been attributable to the employee's own children, terminate on their reaching independence as statutorily defined.

On defendant's challenge to the continuation of the dependency benefits attributable to the now independent stepchildren, the hearing referee ruled that a stepchild is not a "child" under the act but, rather, an "other dependent" whose death alone terminates the status of dependency and the disabled employee's dependency benefits. A majority of the Workmen's Compensation Appeal Board reversed, and my brothers concur. I must regretfully disagree.

The genesis of the problem may be found in the initial determination of the Legislature to eschew dependency-in-fact as the continuing prerequisite for dependency augmentation of benefits. Instead, having directed that dependency be initially "determined in accordance with the fact, as the fact may be *at the time of the injury*",[2] the Legislature specified with particularity the events which would end that status and trigger reduction of dependency benefits, as follows:

"Weekly payments to any injured employee shall be reduced by the additional amount provided for any dependent child or husband or wife or other dependent when such child either reaches the age of 21 years or after becoming 16 ceases for a period of 6 months to receive more than 1/2 of his support from such injured employee, if at such time he or she is neither physically nor mentally incapacitated from earning, or when such husband or wife shall be divorced by final decree from his or her injured spouse, or when such child, husband or wife, or other dependent shall be deceased."[3]

---

[2] MCLA 412.9(c); MSA 17.159(c). Now MCLA 418.353(1); MSA 17.237(353)(1).

[3] MCLA 412.9(d); MSA 17.159(d). Now MCLA 418.353(2); MSA 17.237(353)(2).

The Legislature could have simply provided for payment of dependency benefits whenever dependency exists, or negatively ordered cessation of dependency benefits upon cessation of dependency. It did not do so, however, and the act as written is obviously not intended to embody a comprehensive listing of dependency-in-fact tests or even to make termination of dependency-in-fact the basis of the events upon the happening of which the dependency benefits are to cease. It has rejected a simple definition fraught with procedural complexities, under which the administrative agency, employers, and employees alike would be faced with continual review of dependency questions and resultant expense and uncertainty. Instead it has opted for stability and relative simplicity in administration by fixing the status of dependency as of the date of injury and precisely stating the exclusive and limited causes ending dependency. It is by this larger purpose of the act, rather than by its application to any particular set of facts, that legislative intent is to be measured. So, in this scheme of things, the Legislature must be presumed to have intended a variety of possible cases where there will be dependency-in-law without dependency-in-fact.

That this statutory prescription, above, is the exclusive definition of events ending dependency under the act, see *Pendell v Northwestern Leather Co,* 2 Mich App 249, 252; 139 NW2d 773 (1966), which analyzed the statute as dividing dependents into three categories, i.e., child, spouse, or "other dependent", and outlined the events terminating benefits attributable to each as follows:

"1. When a dependent spouse shall be divorced or die,

"2. When a dependent child (not mentally or physically incapacitated from earning),

"(a) reaches the age of 21

"(b) reaches the age of 16 and thereafter for a period of 6 months ceases to receive more than one-half of his support from the injured employee

"(c) dies; and

"3. When any other dependent dies."

The appeal board acknowledged the exclusive and limited causes for termination of dependency benefits, but reached its result by construing the first statutory category of dependent, "child", as not being limited to the child of the disabled employee but meaning any dependent who was a child in point of years. In this view, the language of the act mandating payment reduction by the amount "provided for any dependent child" who reaches the prescribed age and state of independence is to be read as if it said "any dependent *who is a* child". There is a difference, however, and the attempt to attain this result by use of a common meaning of the word child[4] ignores its setting in the act as a whole.

In *Pendell,* minor dependents (grandchildren) were treated as "other dependents", as to whom the coming of age provisions pertaining to a "child" were inapplicable. Although the classification was so stated without explanation, I believe it the result compelled by the statute which nowhere uses the word "child" except in relation to the

---

[4] Another view expressed in one of the appeal board opinions tortured the act to relate the terminating event (coming of age) for child dependency to an "other dependent" by linking unrelated language, as underlined:

"Weekly payments to an injured employee shall be reduced by the additional amount provided for any dependent child or spouse or *other dependent when such child either reaches the age* etc, or when such spouse shall be divorced, or when such child, spouse, or other dependent shall be deceased."

injured parent, *i.e.,* meaning natural son or daughter. So, the only other reference to "child" regarding disability benefits is that stating the conclusive presumption of dependency on the injured employee of

"(ii) A child under the age of 16 years, or over said age, if physically or mentally incapacitated from earning, *living with his parent* at the time of injury of *such parent.*"[5] (Emphasis added.)

Similarly stated definitions of dependency appear in part II of the act dealing with death benefits,[6] and the provisions for termination of death benefits clearly distinguish between dependent children and other dependents of less than 21 years of age.[7] Conversely, the provision here involved, dealing with reduction of disability benefits, excludes any possible age-definition of the word "child" by authorizing benefits attributable to a "child" over 21 years of age who is physically or mentally incapacitated from earning.

I can only affirm the message of *Pendell, supra,* pp 252–253, that whether the statute should be more precisely drawn in its specific definition of events triggering dependency benefit reductions is for the determination of the Legislature.

---

[5] MCLA 412.9(b)(2); MSA 17.159(b)(2). Now MCLA 418.353(1)(a)(ii); MSA 17.237(253)(1)(a)(ii). The majority herein concurring in the appeal board's interpretation of "child" must, perforce, interpret "parent" to include stepparent and, presumably, foster parents.

[6] MCLA 412.6(b); MSA 17.156(b). Now MCLA 418.331(1)(b); MSA 17.237(331)(1)(b).

[7] MCLA 412.6(c); MSA 17.156(c). Now MCLA 418.335; MSA 17.237(335).