WILSON v GENERAL MOTORS CORPORATION

Docket No. 48506. Submitted June 17, 1980, at Detroit.—Decided December 15, 1980. Leave to appeal applied for.

Roy Wilson was injured while employed by General Motors Corporation. A referee ordered defendant to pay compensation based on a rate which included plaintiff's stepchildren. Defendant appealed to the Worker's Compensation Appeal Board which affirmed the referee's decision. The Court of Appeals denied defendant leave to appeal. Defendant sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting defendant leave to appeal remanded the case to the Court of Appeals for consideration as on leave granted. 407 Mich 929 (1979). *Held:*

The dependency status of a stepchild under the Worker's Disability Compensation Act is an issue of fact and not to be conclusively presumed.

Reversed and remanded.

N. J. KAUFMAN, P.J., dissented. He would hold that the phrase "a child" as used in the conclusive dependency presumption provision of the Worker's Disability Compensation Act should be construed to mean a person under sixteen years of age who is either the child or stepchild of an injured employee.

OPINION OF THE COURT

1. WORKERS' COMPENSATION — DEPENDENT CHILDREN — CONCLUSIVE PRESUMPTION OF DEPENDENCY — STATUTES.

A child under the age of sixteen years, living with his parent at the time of a work-related injury of the parent, is conclusively

REFERENCES FOR POINTS IN HEADNOTES
[1, 7] 81 Am Jur 2d, Workmen's Compensation § 202.
[2] 81 Am Jur 2d, Workmen's Compensation § 206.
[3] 81 Am Jur 2d, Workmen's Compensation §§ 187, 206.
[4, 5] 59 Am Jur 2d, Parent and Child § 91.
     Validity, construction, and application of statute imposing upon stepparent obligation to support child. 75 ALR3d 1129.
[6] 81 Am Jur 2d, Workmen's Compensation §§ 189, 192.

presumed to be dependent for support upon the injured parent under the Worker's Disability Compensation Act (MCL 418.353[1][a][ii]; MSA 17.237[353][1][a][ii]).

2. WORKERS' COMPENSATION — DEPENDENT CHILDREN — CONCLUSIVE PRESUMPTION OF DEPENDENCY — EFFECT OF ADOPTION — DEATH BENEFITS — STATUTES.

After adoption, a child is no longer entitled to a conclusive presumption of dependency as to his natural parent with respect to receipt of death benefits under the Worker's Disability Compensation Act (MCL 418.331; MSA 17.237[331]).

3. WORKERS' COMPENSATION — PARENT AND CHILD — TERMINATION OF DUTY TO SUPPORT — CONCLUSIVE PRESUMPTION OF DEPENDENCY — STATUTES.

The termination of a parent's legal obligation to support a child terminates the applicability of the conclusive dependency presumption of the Worker's Disability Compensation Act (MCL 418.353[1][a][ii]; MSA 17.237[353][1][a][ii]).

4. PARENT AND CHILD — STEPPARENTS — STEPCHILDREN — OBLIGATION OF SUPPORT — ADOPTION.

A stepparent generally has no legal obligation to support a stepchild; absent adoption, the legal obligation remains with a child's natural parents.

5. PARENT AND CHILD — STEPPARENTS — STEPCHILDREN — RIGHTS AND DUTIES.

A stepmother is neither liable for all the duties nor entitled to all the rights of a parent regarding a stepchild.

6. WORKERS' COMPENSATION — STEPCHILDREN — DEPENDENCY STATUS — STATUTES.

The dependency status of a stepchild under the Worker's Disability Compensation Act should be viewed as an issue of fact (MCL 418.353[1]; MSA 17.237[353][1]).

DISSENT BY N. J. KAUFMAN, P.J.

7. WORKERS' COMPENSATION — WORDS AND PHRASES — CONCLUSIVE PRESUMPTION OF DEPENDENCY — STEPCHILDEN — STATUTES.

*The phrase "a child" as used in the conclusive dependency presumption provision of the Worker's Disability Compensation Act should be construed to mean a person under sixteen years of age who is either the child or stepchild of an injured employee (MCL 418.353[1][a][b]; MSA 17.237[353][1][a][b]).*

*Kelman, Loria, Downing, Schneider & Simpson,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Howard A. Poppe* and *Jonathan T. Kopit),* for defendant.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

J. E. TOWNSEND, J. Defendant appealed a decision of the Worker's Compensation Appeal Board which held that plaintiff's stepchildren were entitled to a conclusive presumption of dependency under MCL 418.353(1)(a); MSA 17.237(353)(1)(a).

Plaintiff, Roy Wilson, injured his back while in defendant's employ on July 6, 1973, and was voluntarily paid benefits from July 9 to October 12, 1973. He reinjured himself on April 26, 1974, while in defendant's .employ and has been unable to work since that date. After a hearing on January 21, 1976, Referee Ernest F. Hapke ordered payment of benefits of $130 per week, retroactive from April 27, 1974, and to continue payments until further ordered. The rate was figured on the basis of five dependents—plaintiff's wife Brenda Jean Wilson, her three children from a former marriage, and one child born of the current marriage. Plaintiff's stepchildren were receiving biweekly child support payments of $152 from Mrs. Wilson's former husband. The referee made no determination of actual dependency of the stepchildren, relying upon the statutory language which establishes a conclusive presumption of dependency for children younger than 16 years. MCL 418.353(1)(a); MSA 17.237(353)(1)(a). Defendant appealed to the Worker's Compensation Appeal

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Board (WCAB), claiming that stepchildren were not entitled to the conclusive presumption of dependency. The WCAB affirmed the result reached by the referee. This Court denied leave to appeal on June 21, 1979, but the Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration on November 26, 1979. 407 Mich 929 (1979).

The critical issue to be decided is whether a stepchild is one of the class of persons entitled to a conclusive presumption of dependency under MCL 418.353(1)(a); MSA 17.237(353)(1)(a) of the Worker's Disability Compensation Act.

The relevant portions of said statute state:

"(a) The following shall be conslusively presumed to be dependent for support upon an injured employee: * * *

"(ii) A child under the age of 16 years, * * * living with his parent at the time of the injury of such parent."

To come within such definition the person injured must be the "parent" of the child in question, and the child must be living with such parent at time of injury.

The historic meaning of "parent" is one who procreates, begets, or brings forth offspring, a natural father or mother. The advent of adoption statutes has extended the definition of parent to include legal parent, that is, adoptive persons who supplant one or both natural parents.

The Michigan Supreme Court has had occasion to apply MCL 412.6; MSA 17.156 (now MCL 418.331; MSA 17.237[331]) in determining that, after adoption, a child is no longer entitled to a conclusive presumption of dependency as to his natural parent with respect to the receipt of death

benefits. *Theodore v Packing Materials, Inc,* 396 Mich 152, 160-164; 240 NW2d 255 (1976). The Suprme Court, speaking through Justice FITZGER-ALD, reasoned that the conclusive presumption of dependency of § 331 of the Worker's Disability Compensation Act is premised upon the legal obligation of a parent to provide support for his child and that termination of a legal obligation to support a child likewise terminates the applicability of the conclusive-dependency presumption of the Worker's Disability Compensation Act.

Such principle has relevance to this case. Unless all stepparents as a class are required by law to support their stepchildren, the conclusive presumption of dependency should not apply.

As a general rule, a stepparent has no legal obligation to support a stepchild. *Staal v Grand Rapids & I R Co,* 57 Mich 239, 246; 23 NW 795 (1885). Absent adoption, the legal obligation to support a child remains with his natural parents. In this case, plaintiff's spouse in fact was receiving biweekly child support payments of $152 from her former husband.

The recent Court of Appeals case of *Youmans v Citizens Ins Co of America,* 89 Mich App 387, 392; 280 NW2d 539 (1979), stated that a stepmother is not liable for all the duties nor entitled to all the rights of a parent.

The Worker's Compensation Appeal Board and appellee relied upon language in *Washburn v American Roofing Co,* 52 Mich App 188, 190-191; 217 NW2d 104 (1974). We believe the *Washburn* majority arrived at the correct decision in terminating benefits to a stepson under MCL 418.353(2); MSA 17.237(353)(2) when dependency had in fact ended, by treating the stepson as within the class of "any dependent child".

There is no reason why "children" who qualify

as dependents, whether by conclusive presumption or by determination of fact, should not be dealt with equally within the term "any dependent child" for termination of dependency payments under subsection 2.

To the extent that the *Washburn* majority opinion in its language purported to include a "stepchild" within the conclusive presumption language of subsection 1, such statement is inconsistent with *Rose v Paper Mills Trucking Co,* 47 Mich App 1, 6-7; 209 NW2d 305 (1973), with a stepchild-dependency question as one of fact and with the thrust of the decision in *Theodore, supra.*

We hold that the dependency status of a stepchild under MCL 418.353(1); MSA 17.237(353)(1) is an issue of fact.

Reversed and remanded for a hearing on dependency status. This Court does not retain jurisdiction.

CYNAR, J., concurred.

N. J. KAUFMAN, P.J. *(dissenting).* I respectfully dissent. Although the decision of the majority seems to be logically sound, I find that it contravenes the provisions of the statute, MCL 418.353(1)(a); MSA 17.237(353)(1)(a), as interpreted in *Washburn v American Roofing Co,* 52 Mich App 188, 190-191; 217 NW2d 104 (1974), *lv den* 392 Mich 758 (1974).[1] I further note that after leave to

---

[1] "As we read this statute, the stepchildren of the injured employee are 'dependent children' under § 353(2). In arriving at this construction we read § 353 as a whole. The act provides special rules governing dependency in instances where the workman is injured. MCL 418.353(1)(a)(b); MSA 17.237(353)(1)(a)(b). Subsection (a)(ii) reads that dependency is conclusively presumed where 'a child' under 16 years of age is living with his parent at the time of the injury of such parent. We hold that here the phrase 'a child', means a person of

appeal was denied in *Washburn* the Legislature
did not see fit to alter the statute in any way.

immature or tender years, in this instance under 16 years of age, and
the child or stepchild of the injured employee." (Footnote omitted.)