327 Mich. 195 (1950)
41 N.W.2d 349
In re CARPENTER'S ESTATE.
OCKULY
v.
CLARK.
Docket No. 10, Calendar No. 44,607.
Supreme Court of Michigan.
Decided March 1, 1950.
*196 Cyrus M. Poppen, for appellants.
Edward C. Farmer (Hathaway & Latimer, of counsel), for appellee.
BUTZEL, J.
The following facts have been agreed upon by the parties to this litigation. Ardis June Ockuly, a minor, claims to be the sole heir-at-law of Mildred A. Carpenter, deceased, by virtue of the fact that Henry S. Carpenter and Mildred A. Carpenter lawfully adopted Ardis June on June 20, 1933. Subsequently Mildred A. Carpenter was granted a divorce from Henry S. Carpenter, the decree providing that Mildred A. Carpenter should have the custody of Ardis June. On June 22, 1935, on complaint of the adoptive father Henry S. Carpenter and after proper preliminary proceedings, the record reciting that Henry S. Carpenter, father, and Mildred A. Carpenter, mother, and the county agent were personally present in court, the probate court entered an order adjudging Ardis June Carpenter a neglected child and committed her to the Michigan Children's Institute, with full power and authority in said institute to cause the child to be adopted according to law. Subsequently, upon the petition and application of Rosa Ockuly and with the written consent of the Michigan Children's Institute, an order was entered on December 30, 1936, whereby Rosa Ockuly lawfully adopted Ardis June whose *197 name was changed to Ardis June Ockuly. Ever since that date Ardis June Ockuly has resided in the home of Rosa Ockuly, her adoptive mother.
Subsequent to the adoption of Ardis June by Rosa Ockuly, Mildred A. Carpenter died. Mabelle Smith Clark and George F. Smith, respectively half-sister and half-brother of the deceased, claimed to be the sole heirs-at-law of Mildred A. Carpenter and entitled to inherit the residue of her estate. On the other hand, Ardis June Ockuly, through her guardian Rosa Ockuly, claims to be the sole heir-at-law of Mildred A. Carpenter.
The probate court for the county of Muskegon determined that the half-sister and the half-brother were the sole heirs-at-law. On appeal the circuit court for the county of Muskegon reversed the order of the probate court and held that Ardis June Ockuly was the sole heir-at-law.
There is no question but that the child will always remain an heir-at-law of her natural parents. The sole question in the case is the status of the child after there have been proper adoption proceedings, and subsequently there are second adoption proceedings, so that a child acquires a new adoptive parent or parents. Does the child still remain an heir-at-law of the adoptive parents in the first proceedings?
The question has been ruled upon in this State in Re Klapp's Estate, 197 Mich 615 (LRA1918A 818). We held that a second adoption during the lifetime of the first adoptive parents extinguishes the right to inherit from such first adoptive parents. The rule as laid down is followed in Re Talley's Estate, 188 Okla 338 (109 P2d 495, 132 ALR 773). The opinion cites with approval much although not all of what we said in Re Klapp's Estate, supra. A similar question has arisen in at least 5 other States wherein it was squarely held that such re-adopted *198 child remains the heir-at-law of the first adoptive parents, notwithstanding the second adoption. These cases, with the exception of the very recent case of Coonradt v. Sailors, 186 Tenn 294 (209 SW2d 859, 2 ALR2d 880), are set forth in the annotations in 132 ALR 778 and 145 ALR 821. We appreciate the force of the reasoning of the trial judge in the case at bar in holding that the child was the sole heir-at-law of the first adoptive mother. The statute, CL 1929, § 15955, provides:
"Such child shall thereupon become and be an heir-at-law of such (adopting) person or persons, the same as if he or she were in fact the child of such person or persons."
While we are not unmindful of the fact that the child was almost a silent party to the adoption proceedings and that the neglect of her by her first adoptive parents should not of itself have ended her statutory inheritance right, yet that neglect, when followed by a subsequent adoption by others does have that result under In re Klapp's Estate, supra. A possible answer might be that the first adoptive parents could have at all times brought about the same result by executing a will with such a provision.
It is further claimed that even if we reaffirmed In re Klapp's Estate, supra, the case at bar can be distinguished because in our former case there was express written consent by the first adoptive parent, whereas in the instant one the second adoption took place while the child was in the charge of an institution and without the written consent of the Carpenters. The statute (CL 1929, § 15952, as amended by PA 1931, No 34), however, requires only the *199 consent of a designated officer of the institution to the petition for adoption.[*]
While we are impressed by the views of the circuit judge, which are in accord with the decisions in the majority of the States in which the question has arisen, and we are not unmindful that the rights of a young and unprotected child should be carefully guarded if possible, we also realize the possible results were we disposed to reverse our decision in Re Klapp's Estate, supra, decided in 1917, in which a rule of property was stated. It is possible that the rule there pronounced has been relied upon numerous times in the more than 30 years that have since ensued. We are further not unmindful that in the many years since the decision was rendered the legislature has not seen fit to amend the law as construed by this Court. We believe that we should adhere to our former decision and leave the question of whether the law should be changed to the discretion of the legislature.
The decision of the trial court is reversed and the case is remanded to the trial court to enter a judgment affirming the order of the probate court. On account of the peculiar circumstances of the case, no costs will be allowed.
BOYLES, C.J., and REID, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.
NOTES
[*] The statute in re-enacted form is CL 1948, § 710.3 (Stat Ann 1949 Cum Supp § 27.3178 [543]).