THEODORE v PACKING MATERIALS, INC

Docket No. 55773. Argued April 8, 1975 (Calendar No. 12).—Decided
    April 1, 1976.

James Theodore, Jr., suffered a work-related injury in 1969 and
    died later that year. His employer, Packing Materials, Inc., and
    its workmen's compensation insurance carrier, American Mu-
    tual Liability Insurance Co., defendants in this matter, admit
    liability, the only question being to whom death benefits should
    be paid. The decedent had five children, two of whom were
    adopted by others during his life. A workmen's compensation
    hearing referee ruled in January, 1971, that the two adopted
    children were dependents of the decedent and entitled to share
    equally in the death benefits with the decedent's widow and
    other children. The decision became final after an appeal by
    the mother of two of his children was withdrawn. In Septem-
    ber, 1971, the adopted children had reached the ages of 17 and
    16, and the defendants filed a petition seeking to terminate
    benefits payable to them. The original order was modified to
    reflect the fact that one of the adopted children had graduated
    from high school in 1972 and was presumed to be self-support-
    ing as of December 12, 1972, and benefits for the other adopted
    child were continued. The Workmen's Compensation Appeal
    Board affirmed and the Court of Appeals, Lesinski, P. J., and
    V. J. Brennan and Bashara, JJ., denied leave to appeal (Docket
    No. 18707). Defendants appeal. *Held:*

    1. The conclusive presumption of dependency of a child under
    the age of 16 in the Workmen's Compensation Act is premised
    upon the legal obligation of the parent to provide support for
    the child. The legal relationship of parent and child is termi-
    nated when a child is adopted by other parents prior to an
    injury which results in the death of the child's natural parent,

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 174, 177.
    "Dependency" within Workmen's Compensation Acts. 100 ALR
    1090.
[2] 58 Am Jur, Workmen's Compensation §§ 492, 493.
[3, 4] 58 Am Jur, Workmen's Compensation §§ 186, 187.

and the conclusive presumption of the child's dependency upon the deceased employee parent terminates.

2. The hearing referee's finding that the two adopted children were conclusively presumed to be dependents of their deceased natural father at the time of the injury within the meaning of the Workmen's Compensation Act was a decision which became final and was, therefore, res judicata. The decision is, however, subject to subsequent modification or termination where the presumption can no longer be supported.

3. Defendants were obligated to pay death benefits to each adopted child only from the date of the decedent's death until the child reached the age of 16, when the conclusive presumption of dependency under the statute ceases and dependency becomes a question of fact.

Affirmed in part; reversed in part.

1. WORKMEN'S COMPENSATION—DEATH BENEFITS—DEPENDENTS—ADOPTION OF CHILD.

A natural child of a deceased employee is not a dependent and therefore not entitled to receive workmen's compensation death benefits when the child has been adopted by other parents prior to the date of the employee's injury and resulting death (MCL 418.321, 418.331[b]; MSA 17.237[321], 17.237[331][b]).

2. WORKMEN'S COMPENSATION—RES JUDICATA.

The doctrine of res judicata is applicable to workmen's compensation proceedings; workmen's compensation awards represent an adjudication as to the condition of the injured workman conclusive of all matters adjudicable at the time the award is entered.

3. WORKMEN'S COMPENSATION—RES JUDICATA—CHANGE OF STATUS.

An award of workmen's compensation is not an adjudication as to the claimant's future condition and does not preclude subsequent modifications of the award upon a showing that the claimant's physical condition or status has changed.

4. WORKMEN'S COMPENSATION—DEPENDENTS—RES JUDICATA—CHANGE OF STATUS.

A decision of a workmen's compensation hearing referee that claimants of a decedent-employee's death benefits were dependents of the decedent within the meaning of the Workmen's Compensation Act because the claimants were children under the age of 16 years and conclusively presumed to be dependent at the time of injury became res judicata when the decision was final; the presumption of dependency ceased when the claimants reached the age of 16 years and the employer's obligation

to pay death benefits terminated at that date in the absence of any other showing of claimants' dependency (MCL 418.331[b]; MSA 17.237[331] [b]).

*Reamon, Williams, Klukowski & Craft (Stephen R. Drew,* of counsel) for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block)* for defendants.

FITZGERALD, J. The question before us is one of first impression: Is a natural child of a deceased employee a "dependent" within the meaning of the Workmen's Compensation Act and therefore entitled to receive death benefits when such child has been adopted by other parents prior to the date of the employee's injury and resulting death? We answer in the negative, but also conclude that the hearing referee's unappealed-from decision that children in this category are conclusively presumed dependents became final and res judicata subject to subsequent modification or termination where such presumption can no longer be supported.

I

The decedent, James Theodore, Jr., suffered a work-related injury on July 17, 1969, and subsequently died on December 6, 1969. His employer, Packing Materials, Inc., and its insurer, American Mutual Liability Insurance Co., defendants in this matter, admit liability, the only question being to whom should death benefits be paid.

The decedent married his wife Shirley in 1953 and three children were born of this marriage: James (1954), Jane (1955), and Keith (1962). Though the marriage was never dissolved, James

and Jane were adopted by different parents during the life of the deceased. Beginning in 1957, the decedent cohabited with one Florene Hansen and two children were born of this relationship: David (1958) and Jill (1959).

Following decedent's death, petitions were filed on behalf of widow Shirley and her son Keith, and on behalf of Florene and her children, David and Jill. The scheduled hearing was adjourned in order to notify the proper probate courts of potential benefits to which the adopted children, James and Jane, were entitled. In response, Jane's adoptive mother, Virginia "Doe", requested that her claim be presented. James' adoptive parents, however, refused all present and future benefits due him.

The hearing referee, by order of January 6, 1971, ruled that James and Jane were dependents and entitled to share equally in the death benefits with widow Shirley, Keith, Jill Hansen and David Hansen. This ruling was appealed by Florene Hansen then subsequently withdrawn, an *ex parte* order being entered to that effect on July 14, 1971. On September 8, 1971, defendants filed a petition for a determination of rights seeking to terminate death benefits payable to James and Jane, both of whom had been legally adopted by others, had reached the age of 16, and were no longer dependent upon their mother Shirley.

On July 25, 1972, the original order of January 6, 1971, was modified to reflect that James was no longer considered a dependent because he had graduated from high school and was presumed to be self-supporting as of December 12, 1972. The status of Jane remained unchanged and she continued to receive benefits. This ruling was appealed to the Workmen's Compensation Appeal Board and was affirmed on two grounds:

(1) The 1971 decision of the referee which determined that both James and Jane were dependents was allowed to become final and is thus res judicata.

(2) The referee's decision was soundly based upon *Kujawski v C Buscemi & Sons,* 1966 WCABO 363.

The board also ruled that since Jane had neither been proved self-supporting for six months nor reached the age of 21, she was entitled to continue her dependency status. Following denial of appellant's application for leave to appeal by the Court of Appeals, leave was granted by this Court.

## II

The Workmen's Compensation Act[1] authorizes the payment of death benefits to "dependents of the [deceased] employee, wholly dependent upon his earnings for support ‚at the time of the injury".[2] Those persons conclusively presumed to be wholly dependent for support upon a deceased employee are set forth in MCLA 412.6; MSA 17.156[3] and include:

"*A child or children under the age of 16 years, or over said age, if physically or mentally incapacitated*

[1] Decedent's injury and resulting death occurred prior to the amended Workmen's Compensation Act, 1969 PA 317. The former statute controls the determination and extent of dependency.

[2] MCLA 412.5; MSA 17.155, presently MCLA 418.321; MSA 17.237(321).

[3] Presently MCLA 418.331(b); MSA 17.237(331)(b), and includes:

"A child under the age of 16 years, or over if physically or mentally incapacitated from earning upon the parent with whom he is living at the time of the death of such parent. In the event of the death of an employee who has at the time of such death a living child by a former spouse or a child who has been deserted by such deceased employee under the age of 16 years, or over if physically or mentally incapacitated from earning, such child shall be conclusively presumed to be wholly dependent for support upon such deceased employee, even though not living with the deceased employee at the time of such death * * * ."

*from earning, upon the parent with whom he is or they are living at the time of the death of such parent.* In the event of the death of an employee who has at the time of his or her death *a living child or children by a former husband or wife or children who have been deserted by said deceased employee under the age of 16 years, or over said age, if physically or mentally incapacitated from earning,* said child or children shall be conclusively presumed to be wholly dependent for support upon such deceased employee, even though not living with the deceased employee at the time of his or her death; * * * ." (Emphasis supplied.)

Other relevant statutory provisions include MCLA 412.7; MSA 17.157:[4]

"Questions as to who constitute dependents and the extent of their dependency shall be determined as of the date of the injury to the employee * * * ."

MCLA 412.6(c); MSA 17.156(c):[5]

"The payment of compensation to any dependent child shall cease when the child reaches the age of 21 years, * * * ."

and MCLA 418.851; MSA 17.237(851):

"The hearing referee assigned to any hearing in accordance with the provisions of section 847 shall make such inquiries and investigations as he shall deem necessary. * * * Unless a claim for review is filed by a party within 15 days, the order shall stand as the order of the bureau."

---

[4] Presently MCLA 418.341; MSA 17.237(341), which is identical.

[5] Presently MCLA 418.335; MSA 17.237(335) which provides:
"The payment of compensation to any dependent child shall cease when the child reaches the age of 21 years, if at the age of 21 years he is neither physically nor mentally incapacitated from earning, or when the child reaches the age of 16 years and thereafter is self-supporting for 6 months."

III

It is within this statutory framework that we review the question of whether the January 6, 1971 hearing referee's determination of dependency is res judicata. Defendants did not appeal this ruling within 15 days as required by MCLA 418.851; MSA 17.237(851). We need not reach the question of whether Florene Hansen's appeal preserved defendant's right to appeal the referee's finding of dependency since the date upon which defendants' petition for a determination of rights was filed, September 8, 1971, was more than 15 days from the date of the *ex parte* dismissal of Florene Hansen's appeal, August 14, 1971. Nor are we persuaded that the order of dismissal was improperly entered. No authority is cited which would require that written stipulation be obtained from any other interested parties prior to entry of the appeal board's order of dismissal.

While we recognize that the doctrine of res judicata is applicable to workmen's compensation proceedings,[6] compensation awards represent "an adjudication as to the condition of the injured workman at the time it is entered, and conclusive of all matters adjudicable at that time, but it is not an adjudication as to the claimant's future condition and does not preclude subsequent awards or subsequent modifications of the original award upon a showing that the employee's physical condition has changed".[7] Just as one's *physical condition* may change with the passage of time, so too can one's *status* vary from one day to the next.

---

[6] *Besonen v Campbell,* 243 Mich 209; 220 NW 301 (1928); *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975).

[7] 58 Am Jur, Workmen's Compensation, § 508, cited with approval in *Hlady, supra. See, also, White v Michigan Consolidated Gas Co,* 352 Mich 201; 89 NW2d 439 (1958).

The hearing referee's decision of January 6, 1971 that "a child cannot be denied benefits for the death of a natural parent because the child was adopted by others during the life of the [deceased] parent" was based upon the facts existing at the time of decedent's injury, July 17, 1969.[8] On this date, the ages of James and Jane were 15 and 13 years respectively.[9] Both children were indeed "under the age of 16 years" and conclusively presumed to be wholly dependent for support upon the deceased employee.

When defendants filed the petition for a determination of rights on September 8, 1971, the ages of James and Jane were 17 and 16 respectively. Neither child being under the age of 16 years, the conclusive presumption of dependency no longer applies. Having successfully challenged the continuation of this conclusive presumption, defendants are obligated to pay death benefits only to those who were wholly dependent upon the deceased employee as a matter of fact.[10] Neither child was wholly dependent upon the deceased employee as a matter of fact upon reaching the age of 16 years. Each was under the lawful custody of his [her] respective parents and received no support of any kind from the decedent. Consequently, defendants were obligated to pay death benefits to James

[8] MCLA 418.331; MSA 17.237(331), does not provide for whether a child adopted by others at the time of his natural parent's death-causing injury remains entitled to death benefits as a conclusively presumed dependent. It does provide, however, that "In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as that fact may be at the time of the injury".

[9] James was born January 12, 1954. Jane was born August 21, 1955.

[10] MCLA 418.331; MSA 17.237(331) continues: "All persons wholly dependent upon a deceased employee, *whether by conclusive presumption or as a matter of fact,* shall be entitled to share equally in the death benefit in accordance with the provisions of this section". (Emphasis supplied.)

Ernest "Roe" and Jane Marie "Doe" from the date of decedent's death until each respectively reached the age of 16, the date upon which the conclusive presumption of dependency terminated.

### IV

The matter before us is not limited to construction of the Workmen's Compensation Act. Also bearing upon the adoptive children's right to recover workmen's compensation benefits from their natural father is the adoption statute. MCLA 710.6; MSA 27.3178(546),[11] provided that, upon examination of the written report concerning the child and the prospective adoptive parents, the probate judge, if satisfied that the best interests of the child will be served by adoption, shall enter "an order which shall terminate the rights of the child's natural parents". Following entry of the adoption order, the adoptive parents shall "stand in the place of a parent or parents to such child in law, in all respects as though the adopted child had been the natural child of the adopting parents, and be liable to all duties and entitled to all the rights of parents thereto".[12]

Appellant argues that the legal effect of adoption is to relieve natural parents of all parental obligations. The conclusive presumption that James and Jane were dependents of the deceased was terminated at their respective adoption proceedings. They argue further that neither James nor Jane is a conclusively presumed dependent within the meaning of the statute because neither was (1) living with either natural parent at the time of decedent's death, or (2) a child by a former

[11] Repealed by 1974 PA 296, § 2, eff January 1, 1975.

[12] MCLA 710.9; MSA 27.3178(549). Repealed by 1974 PA 296, § 2, eff January 1, 1975.

husband or wife, or (3) a child under 16 years of age who was deserted by the decedent.

Appellees believe that adoption by other parents does not deprive claimants of their status as a "living child" of the decedent within the meaning of the amended Workmen's Compensation Act. Arguing that the adoption statute permits adopted children to inherit from both adoptive and natural parents, they perceive that the logical construction of the Workmen's Compensation Act "irrevocably fixes" the status of children under 16 as conclusively presumed dependents of their natural parents.

Neither the Workmen's Compensation Act nor the adoption statute provides an expression of legislative intent regarding the eligibility of children legally adopted by others to recover death benefits from their natural parents. Children in this class are not specifically excluded from recovering death benefits under the Workmen's Compensation Act, yet the adoption statute provides no exception to the provisions which terminate *all* rights and duties between adopted children and their natural parents. Our examination persuades us that James Ernest "Roe" and Jane Marie "Doe" are not "children" within the meaning of the Workmen's Compensation Act.

James and Jane do not fall within any of the three classes of children who are conclusively presumed to be wholly dependent for support upon a deceased employee as set forth in MCLA 412.6; MSA 17.156. The first is "children under the age of 16, or over said age if physically or mentally incapacitated from earning, upon the parent with whom * * * they are living at the time of the death of such parent". The wording of the statute is clear. The child must live with the now-deceased

parent at the time of his death.[13] Both James and Jane were living with their adoptive parents at the time of decedent's death. The conclusive presumption of dependency is not satisfied under this criterion.

Neither James nor Jane is "a living child by a former husband or wife". At the time of decedent's injury, the natural parents of the children were James and Shirley Theodore, legally married to each other. Shirley was not a *former* wife within the meaning of the statute.[14]

James and Jane are not "children who have been deserted by such deceased employee under the age of 16 years". The legal adoption of the two children renders it impossible for the decedent to desert children who have acquired adoptive parents who legally replaced him and his wife Shirley.

The legal relationship between parents and their natural children is effectively terminated when the children are legally adopted by others. All rights and obligations between the child and parents are severed and the adoptive parents become

---

[13] The present statute, MCLA 418.331; MSA 17.237(331), omits the comma following the word "earning". It is most improbable that the Legislature intended to expand the class of children eligible to receive death benefits by simply omitting this comma in order to eliminate the requirement that the child live with his parent at the time of death. The sentence following specifically provides for those children who are entitled to the presumption yet *need not live with the deceased employee-parent.* Further, the same sentence contains the identical phrase "or over if physically or mentally incapacitated from earning", but does follow the word "earning" with a comma. The purpose of this comma is to isolate these handicapped persons as a separate class who continue their eligibility to receive death benefits as conclusively presumed dependents despite attaining the age of 16. For a further discussion of the use of punctuation in the quest for precision and clarity, see Mellinkoff, The Language of the Law, pp 366–374 (Little, Brown & Co, 1963).

[14] We do not address the potential equal protection challenge which could conceivably be raised by a child of *separated* as opposed to legally divorced parents.

the legal parents in all respects. The dissolution of a legal relationship should not permit recovery of death benefits by one who is no longer a "child" within the meaning of the Workmen's Compensation Act.

Nor may a child's status as a lineal descendant entitled to inherit from his deceased natural parent as an heir at law serve to establish the conclusive presumption of dependency within the meaning of the Workmen's Compensation Act. The appeal board's determination of presumptive dependency is based upon an earlier appeal board decision[15] and two Supreme Court decisions[16] which ruled that a child always remains an heir at law of his natural parents. The rationale underlying such a rule is not set forth, but rather is argued as based upon MCLA 710.9; MSA 27.3178(549), which, in addition to designating adopted children as heirs at law of their *adoptive* parents, provided that "nothing herein shall affect his [the adopted child's] right to inherit from or through his natural parent". However, this provision has been repealed by 1974 PA 296, effective Jan 1, 1975, and now provides, "After entry of the order of adoption, the adopted person shall no longer be an heir at law of his or her natural parents, * * * ". MCLA 710.60; MSA 27.3178(555.60). This provision represents legislative recognition that no rational basis exists for permitting an adopted child to retain a birthright of inheritance from his natural parents when their legal relationship has been terminated. We join the jurisdictions of Colorado,[17]

---

[15] *Kujawski v C Buscemi & Sons,* 1966 WCABO 363.

[16] *In re Klapp's Estate,* 197 Mich 615; 164 NW 381 (1917); *In re Carpenter's Estate,* 327 Mich 195; 41 NW2d 349 (1950).

[17] *Truitt v Industrial Commission,* 31 Colo App 166; 499 P2d 621 (1972).

Texas,[18] and Georgia,[19] in viewing the conclusive presumption of dependency in the Workmen's Compensation Act as premised upon the legal obligation of the parent to provide support for the child. Once this legal relationship is terminated by adoption, there can be no conclusive presumption of dependency upon the parent for support which would entitle the adopted child to death benefits from his deceased natural parent.

## Conclusion

The hearing referee's unappealed-from decision which determined that James Ernest "Roe" and Jane Marie "Doe", ages 14 and 13 respectively, were conclusively presumed dependents within the meaning of the Workmen's Compensation Act, became final and therefore res judicata. The conclusive presumption of dependency ceases when each child reaches the age of 16 and this fact is presented and supported by a petition for determination of rights. Defendants are obligated to pay death benefits to James from December 7, 1969, to January 12, 1970, and to Jane from December 7, 1969, to August 21, 1971. Payment shall be made to the probate court of Newaygo County for the benefit of James Ernest "Roe" and for the benefit of Jane Marie "Doe". In future workmen's compensation matters involving payment of death benefits, once a child is adopted by other parents prior to a death-resulting injury to the child's natural parent, the conclusive presumption of the child's dependency upon the deceased employee-parent can no longer be supported.

---

[18] *Zanella v Superior Ins Co,* 443 SW2d 95 (Tex Civ App, 1969); *J C Patton v Shamberger,* 431 SW2d 506 (Tex, 1968).

[19] *New Amsterdam Casualty Co v Freeland,* 216 Ga 491; 117 SE2d 538 (1960).

Affirmed in part; reversed in part; remanded to the Workmen's Compensation Appeal Board for further proceedings not inconsistent with this opinion. No costs, neither party having prevailed in full.

KAVANAGH, C. J., and WILLIAMS, LEVIN, and COLEMAN, JJ., concurred with FITZGERALD, J.

LINDEMER and RYAN, JJ., took no part in the decision of this case.