## 21552

Anguish C. WILKES, Jeanette Wilkes, Widow, Debra Ann Phillips, Age 18, William Shealy, Age 17, George Shealy, Age 6, Minors, by Guardian *ad Litem*, Jeanette Wilkes, Claimants, v. H. P. CHAPPELL, Phyllis C. Chappell, and Chappell Transport, Inc., and South Carolina Insurance Company, Defendants, of whom H. P. Chappell, Phyllis C. Chappell, and Chappell Transport, Inc., and South Carolina Insurance Company, are Appellants, and Anguish C. Wilkes, Jeanette Wilkes, Widow, Debra Ann Phillips, Age 18, William Shealy, Age 17, George Shealy, Age 6, Minors, by Guardian *ad Litem*, Jeanette Wilkes, are Respondents.

(281 S. E. (2d) 485)

*Charles B. Barnwell, Jr.,* of *Horger, Horger & Barnwell,* Orangeburg, *for appellants.*

*Ronald J. Vaughn,* of *Cooper, Register & Vaughn,* Lexington, *for respondents.*

August 19, 1981.

*Per Curiam:*

This is an appeal from a circuit court order affirming an Industrial Commission decision that William Shealy was entitled to continued workmen's compensation benefits as a statutory dependent of a deceased employee, who was killed while in the course of employment on December 2, 1977. As it is our determination that Shealy was no longer a dependent entitled to benefits, we reverse.

Section 42-9-290, S. C. Code (Cum. Supp. 1980) provides that if the death of an employee proximately results from an accident while in the course of employment, benefits shall be paid to the dependents of that employee. Pursuant to Section 42-9-110, a child of an employee killed in the course of employment is conclusively presumed to have been wholly dependent on his deceased parent. The sole issue presented by this appeal is whether the conclusive preclusive presumption of dependency created by Section 42-9-110 continues once the child reaches the age of majority.

692

The record reveals that Shealy was born on March 13, 1961 and was, consequently, under the age of majority at the time of his stepfather's death. He subsequently reached the age of majority while he was a senior in high school. This action was instituted when benefits were terminated on June 1, 1979, the date of Shealy's graduation from high school.

The lower court, in affirming the decision of the Industrial Commission determined that the benefits which had been awarded to Shealy as of the date of his stepfather's death were vested and not subject to divestment in the absence of specific statutory authority to the contrary. It is generally held, however, that the statutory presumption of dependency of children terminates upon an individual's reaching the specified age of majority. *See Marshall v. Kaiser Aluminum & Chemical Corp.*, 402 A. (2d) 575 (R. I. 1979); *Theodore v. Packing Materials, Inc.*, 396 Mich. 152, 240 N. W. (2d) 255 (1976); 2 Larson, *Workmen's Compensation Law*, Section 62.30 (1952). The term "child", as used in Section 42-9-110, has been defined by Section 42-1-70 to include only persons under eighteen (18) years of age or wholly dependent upon the employee.[1] Since Shealy is no longer under the age of eighteen (18), the statutory presumption of dependence created by Section 42-9-110 would no longer be applicable. Respondents concede that there is insufficient testimony on which to establish a factual dependency by Shealy. Therefore, in the absence of evidence that he is physically or mentally incapable of self-support or that he is a full-time student, *see* Section 42-9-290, S. C. Code (Cum. Supp. 1980), Shealy is no longer entitled to workmen's compensation benefits.

Accordingly, the lower court order is reversed and the case remanded to the Industrial Commission for entry of an award in compliance with this opinion.

---

[1] Section 42-1-70 is made applicable to 42-9-110 through Section 42-1-20.