OPINION OF THE COURT
Chief Judge Cooke.
When a claim is filed for death benefits under the Workers’ Compensation Law by or on behalf of a child born out of wedlock to a deceased worker, there is strong reason to require proof of paternity and dependency. It is unconstitutional, however, to require the additional proof of acknowledgment as a prerequisite to approving the child’s claim.
Twenty-year-old Ricky Burns died on November 2,1971, two weeks after he started his new construction job, when a wall collapsed on him during a severe windstorm. Claimant was born approximately eight and one-half months later. In October, 1972, claimant, through his unmarried mother, filed for death benefits. At a hearing, the mother testified that the first and only time she mentioned her pregnancy to Ricky Burns was on the day of his death.
The Workers’ Compensation Board denied the claim, finding that the child was not an acknowledged child born out of wedlock. On appeal, the Appellate Division remitted to the board for clarification of the grounds for its decision (Matter of Burns v Miller Constr., 62 AD2d 1114). The board then determined that claimant had not been “acknowledged” by the decedent and so could not receive benefits. Claimant challenged that determination on the ground that subdivision 11 of section 2 of the Workers’ Compensation Law is unconstitutional. In particular, claimant urged a denial of equal protection by virtue of the law’s classification of children born in and those born out of *505 wedlock requiring the latter to prove both dependency on and acknowledgment by the father.
Section 16 of the Workers’ Compensation Law entitles certain dependents of a worker killed in a job-related accident to receive benefits. Among those dependents are children, defined as including “a posthumous child, a child legally adopted prior to the injury of the employee; and a step-child or acknowledged child born out of wedlock dependent upon the deceased” (Workers’ Compensation Law, § 2, subd 11). Posthumous and legally adopted children are presumed dependent; stepchildren and those born out of wedlock must prove their dependency. Children born out of wedlock must also prove acknowledgment as well as paternity.
The Appellate Division concluded that requiring proof of acknowledgment does not unconstitutionally discriminate against children born out of wedlock, and upheld the statute. Reversal is now appropriate.
I
At the outset, it must be determined whether the statute may be construed in such a way that the constitutional issue need not be confronted (see Matter of Coates, 9 NY2d 242, 253; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150), that is, whether claimant could apply for benefits as a posthumous child.
Subdivision 11 of section 2 has gone through several revisions over the years. As originally enacted, it included only what is now the first clause referring to posthumous children and adoptees (L 1913, ch 816). Three years later, dependent stepchildren were added to the scope of the statute (L 1916, ch 622). Finally, the subdivision was amended to include acknowledged illegitimate children as well (L 1917, ch 705, eff July 1, 1917). The subdivision has remained- virtually unaltered since that time.[1]
This court has never addressed the meaning of subdivision 11 of section 2. The statute’s evolution in conjunction with decisions of various courts would indicate, however, that a child born out of wedlock may not claim benefits as a posthumous child.
*506 In Bell v Terry & Tench Co. (177 App Div 123 [March 7, 1917]), the court considered the original version of subdivision 11. After noting the rule of construction that, when used in a statute, the word “child” means only a legitimate child, it went on to hold that the statute did not expand that definition beyond its express terms. In short, only (1) legitimate children, (2) posthumous legitimate children, and (3) adoptees could receive benefits.
The Bell analysis was later confirmed in a Court of Appeals decision in an action arising under the Federal Employers’ Liability Act. In Hiser v Davis (234 NY 300, 305 [1922]), the court, citing Bell, stated that “under the law in this state the word ‘child’ in a statute or will, without any other description, would [not] include an illegitimate child.”
Arguably, Bell incorrectly interpreted the Legislature’s intent. Three months after that decision was handed down, the subdivision was amended to include “illegitimate” children (L 1917, ch 705). That change, however, does not mean that children born out of wedlock may receive benefits under the category of “posthumous” children. In Matter of Kluss v Levene’s Son (269 App Div 801, mot for lv to app den 269 App Div 912, mot for lv to app den 295 NY 990), the Appellate Division, in affirming the compensation board’s award to an infant claimant, ruled that a posthumous child born out of wedlock must meet the same burden of proof as any child born out of wedlock — i.e., proof of paternity, acknowledgment, and dependency. Since Kluss was decided, the Legislature has amended section 2 at least 20 times, yet it has not seen fit to overrule Kluss by revising subdivision 11. It is reasonable to conclude, then, that the Legislature intended children born out of wedlock after the worker’s death to meet the same requirements as other children born out of wedlock or that it has had no desire to change the interpretation accorded the statute.
This interpretation is consistent with the statute’s structure as well. The first clause, not requiring proof of dependency, extends the definition of children to those conceived in wedlock, but born after the employee’s death, and to those whom the State particularly wishes to encourage to have a relationship as close as possible to the natural *507 family. On the other hand, the latter clause recognizes that there are informal relationships that historically have received less respect by the law, but which should be accepted in order to further the law’s purpose of removing from the public the burden of supporting dependents of deceased workers. Therefore, stepchildren and those born out of wedlock may receive benefits, but they must prove dependency.
II
Having concluded that claimant here can receive benefits under the statute, if at all, only as an acknowledged, dependent child born out of wedlock, the constitutionality of subdivision 11 of section 2 must be addressed.
At the outset, the proper level of scrutiny must be established. As initially developed, a law challenged for denying equal protection would be analyzed under one of two standards, depending on the nature of the right being infringed. If a fundamental, constitutionally based right were involved or the law made distinctions based on suspect classes, it would be subjected to strict scrutiny to determine whether the law was necessary to serve a compelling governmental interest (see, e.g., Shapiro v Thompson, 394 US 618; Loving v Virginia, 388 US 1). All other laws were reviewed merely to determine whether there was a rational basis by which the statute could be justified (see, e.g., New Orleans v Dukes, 427 US 297). In time, a third level of scrutiny was developed, sometimes referred to as the “middle tier”, which is invoked in circumstances such as here where the group classification does not involve a suspect class, but deserves a protection greater than that afforded by the rational-basis standard of review (see, generally, Gunther, The Supreme Court, 1971 Term — Foreword: In Search of Evolving Doctrine on a Changing Court: A Model for a Newer Equal Protection, 86 Harv L Rev 1). The test imposed may be described as an inquiry into whether the law’s classification bears a significant relationship to its purpose (see Weber v Aetna Cas. & Sur. Co., 406 US 164, 172-173, 175). This middle-tier analysis is the appropriate standard when the classification challenged is the legitimacy of one’s birth (see Lalli v Lalli, 439 *508 US 259, 264-265 [plurality opn], 279 [Brennan, J., dissenting]; Trimble v Gordon, 430 US 762, 766-767; Weber v Aetna Cas. & Sur. Co., 406 US 164, supra).
Upon considering the various elements that must be proven by the child born out of wedlock, it becomes evident that “acknowledgment” does not substantially further any State interest. It unlawfully excludes certain children born out of wedlock from receiving benefits upon the work-related death of their fathers.[2]
First, the State purpose underlying workers’ compensation may be succinctly summarized. The statutory scheme was designed to provide economic support efficiently to the employee injured on the job or to his or her dependents when the employee has died, and to place the cost of such support upon the employer, and ultimately, the consumer, rather than upon the general public (see 1 Larson, Workmen’s Compensation Law [1978], § 2.20). As a remedial statute serving humanitarian purposes, the Workers’ Compensation Law should be liberally construed (see Matter of Merchant v Pinkerton’s Inc., 50 NY2d 492, 495; Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 145; Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505, 508).
It is against this policy that the burden imposed by the various elements of proof must be weighed. No challenge is raised to the elements of paternity and dependency. Both substantially further the State’s purpose without unduly burdening the child born out of wedlock. Proof of paternity operates to bring a claimant within the statute. Proof of dependency serves to further the goal of awarding benefits in order to keep the child off the public dole. Together, both *509 elements demonstrate the appropriate relationship between decedent and claimant so as to justify paying death benefits, while their proof also avoids spurious claims.
The claimant having established both paternity and dependency, it must be asked what purpose is served in the workers’ compensation context by requiring claimant also to prove acknowledgment. No fraudulent claims will be avoided that would otherwise be paid if only proof of paternity and dependency were required. Nor is there present any State interest comparable to that in the inheritance field, where the stability of property titles is involved (compare Lalli v Lalli, 439 US 259, 268, supra, with Weber v Aetna Cas. & Sur. Co., 406 US 164, 170, supra). Moreover, while a decedent has some interest in the distribution of his or her estate, the deceased worker has no personal interest in who receives workers’ compensation for his death as it is not paid from his estate, but by third parties. Indeed, the deceased worker who has supported his child born out of wedlock presumably would prefer for that child to share in the death benefits.
In Weber v Aetna Cas. & Sur. Co. (406 US 164, supra), the .Supreme Court struck down a Louisiana statute permitting dependent, unacknowledged children born out of wedlock to recover workers’ compensation for a parent’s death, but relegated them to a position behind dependent children born in wedlock and dependent, acknowledged children born out of wedlock. The court reached its decision after noting that all children, regardless of the circumstances of their birth or whether they have been acknowledged, may suffer equally from the death of a parent (id., at p 169). The critical factor is that all are children dependent upon the deceased parent and so should be treated equally (id., at p 170). The Supreme Court concluded that, inasmuch as dependency is a prerequisite to anyone’s recovery, no compelling purpose is served in the statutory scheme by requiring acknowledgment, which the court noted “may be unlikely to occur or legally impossible to effectuate” (id., at pp 173-174).
As noted above, proof of paternity and dependency accomplishes the purposes of the statutory scheme. The Weber analysis is equally applicable here as acknowledg *510 ment serves no purpose expressed in or implied from the statute. Inasmuch as no legitimate State interest is substantially furthered by the requirement that the child be acknowledged by the father, the statute unconstitutionally denies equal protection to children born out of wedlock. As a practical matter, of course, proof of dependency may evince acknowledgment. The two, however, are distinct concepts which should not be equated (cf. EPTL 4-1.2, subd [a], par [2]), particularly when doing so would create surplusage in the statute. Therefore, children born out of wedlock claiming death benefits under section 16 of the Workers’ Compensation Law should be required to prove only paternity and dependency.
The board, while concluding that Ricky Burns did not acknowledge claimant as his son, apparently made no findings as to the . questions of paternity and dependency. The board should be given an opportunity to address those issues.
Accordingly, the order of the Appellate Division should be reversed, with costs, appellant’s claim reinstated, and the matter remitted to the Appellate Division, Third Department, with directions to remand to the Workers’ Compensation Board for further proceedings in accordance with this opinion.

. In. 1981, the section was amended to substitute the words “born out of wedlock” for ‘illegitimate” so as to minimize the stigma unfairly associated with that status.

. Without considering the substantive merits of each prerequisite that must be established by children born out of wedlock, to the extent that the statute imposes varying burdens of proof upon children bom in and those born out of wedlock, it is not constitutionally infirm. In effect, children born in wedlock must prove paternity only, and dependency will be presumed. On the other hand, children born out of wedlock must prove paternity, dependency, and acknowledgment. These differing evidentiary burdens serve administrative convenience and act against spurious claims. As such, they do not unfairly discriminate against children born out of wedlock (see Mathews v Lucas, 427 US 495; Weber v Aetna Cas. & Sur. Co., 406 US 164, 174-175, supra).