BETTELON v METALOCK REPAIR SERVICE

Docket No. 67654. Submitted December 6, 1983, at Lansing.—Decided
    September 17, 1984. Leave to appeal applied for.

    Plaintiff, Cynthia L. Bettelon, as guardian of Davy Crockett
    Bettelon, brought a claim against Metalock Repair Service and
    its workers' compensation insurer, American Mutual Insurance
    Company, alleging that Davy Crockett Bettelon was the son
    and a dependent of Davy R. Crockett, who was fatally injured
    while employed by Metalock, and that the child was therefore
    entitled to workers' compensation death benefits. Davy Crockett
    Bettelon was an illegitimate child born after Davy R. Crockett's
    death. The hearing referee awarded the benefits requested. The
    Workers' Compensation Appeal Board reversed, holding that
    the proofs did not establish that the child was a "dependent"
    within the meaning of the Worker's Disability Compensation
    Act. Plaintiff appealed by leave granted. *Held:*

        1. The WCAB erred in holding that the mother of an illegiti-
    mate posthumous child must have been a member of the family
    of the deceased in order for the child to be found to be
    dependent on the decedent. The statutory requirement of fam-
    ily membership applies to persons considered "factual" depen-
    dents. An illegitimate, posthumous child falls within the pre-
    sumptions of "conclusive dependency" contained in MCL
    418.331, so long as paternity can be established.

        2. The WCAB is the proper forum to determine paternity.
    Such determination shall relate solely to the claim for workers'
    compensation benefits and shall not be a determination of
    paternity made pursuant to the Paternity Act, MCL 722.711 *et
    seq.*

        Reversed and remanded.

1. WORKERS' COMPENSATION — DEPENDENTS — DEATH BENEFITS.
    A person who is conclusively presumed, under the Worker's

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 81 Am Jur 2d, Workmen's Compensation § 186 *et seq.*
[2] 81 Am Jur 2d, Workmen's Compensation § 202 *et seq.*
    Workmen's compensation: posthumous children and children born
    after accident as dependents. 18 ALR3d 900.

Disability Compensation Act, to be a dependent of a decedent employee is not subject to the requirement that a dependent must be either a member of the family or a lineal descendant of the deceased to qualify for death benefits; such requirement applies only to persons considered "factual" dependents (MCL 418.331; MSA 17.237[331]).

2. Workers' Compensation — Dependents — Illegitimate Children — Death Benefits — Paternity.

A posthumous, illegitimate child of a deceased worker may be a dependent of the deceased for purposes of receiving workers' disability compensation death benefits where paternity can be established; in such a case, the Workers' Compensation Appeal Board is the proper forum to make a determination of paternity, but such determination shall relate solely to the child's claim for workers' compensation benefits (MCL 418.331; MSA 17.237[331]).

*H. James Starr,* for plaintiff.

*Philip S. Della Santina,* for defendants.

Before: M. J. Kelly, P.J., and Cynar and J. C. Kingsley,* JJ.

J. C. Kingsley, J. Plaintiff appeals by leave granted from an order of the Workers' Compensation Appeal Board (WCAB) denying plaintiff's petition for death benefits under MCL 418.321; MSA 17.237(321). The WCAB reversed the decision of the hearing referee awarding benefits and held that plaintiff had failed to establish that her son, Davy Crockett Bettelon, was a dependent of the deceased, Davy R. Crockett, under MCL 418.331; MSA 17.237(331).

The record discloses that Davy R. Crockett died from work-related injuries on September 8, 1977. Cynthia Bettelon gave birth to Davy Crockett Bettelon on December 19, 1977. She claimed that her son was the child and dependent of Davy R.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Crockett and was therefore entitled to death benefits under the Worker's Disability Compensation Act.

In reversing the award of death benefits, the WCAB stated:

"A posthumous, illegitimate child may be a 'dependent' under our Act. *Westfall v J P Burroughs & Sons,* 280 Mich 638 (1937); *Shanklin v Mich Standard Alloys,* 1981 WCABO 994; *Livingston v Antenna Specialties,* 1982 WCABO — (No 115). However, dependency depends upon establishing more than paternity. In our opinion, the conclusive presumptions set forth in MCL 418.331(b); MSA 17.237(331)(b) do not apply.

"According to *Shanklin, supra,* 'in order for an illegitimate posthumous child to be factually dependent, its mother must have been a member of decedent's family.' See *West v Barton-Malow Co,* 394 Mich 334 (1975). In this case, the proofs do not establish that fact.

"Unlike the *Livingston* case where a posthumous, illegitimate child was established to be a factual dependent, in this case there is an absence of any proof to establish that fact. Here plaintiff and defendant *[sic]* never cohabitated with each other. Each always lived with his or her own parents. There is no evidence that decedent ever contributed anything towards plaintiff's support. Although plaintiff and decedent had dated for two and one-half years, had engaged in sexual intercourse, and had considered marriage, no marriage plans were ever settled upon, nor was the couple ever 'engaged' in the traditional sense.

\* \* \*

"Therefore, as we agree with defendant that proofs in this matter do not establish as fact that Davy Crockett Bettelon was a 'dependent' of decedent within the meaning of section 331, we reverse and deny the award of benefits."

We agree with plaintiff that the WCAB erred by holding that the mother of an illegitimate posthumous child must have been a member of the

decedent's family in order for the child to be found factually dependent on the decedent. In the case of *Weber v Aetna Casualty & Surety Co,* 406 US 164; 92 S Ct 1400; 31 L Ed 2d 768 (1972), the Supreme Court struck down a Louisiana workers' compensation statute that discriminated against unacknowledged illegitimate children by placing them in a category with "other dependent relatives" who could receive compensation only if legitimate and acknowledged illegitimate children did not exhaust the statutory maximum amount. The Court held that unacknowledged illegitimate children were dependent children under the act and entitled to the same rights granted to legitimate and acknowledged illegitimate children.

We do not believe that a dependent who falls within the "conclusive-dependency" presumptions of MCL 418.331; MSA 17.237(331) is subject to the qualifying portion of subsection (b) that requires a dependent to be either a member of the family of the deceased or a lineal descendant.[1] This provi-

---

[1] "Sec. 331. (1) The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

\* \* \*

"(b) A child under the age of 16 years, or over if physically or mentally incapacitated from earning upon the parent with whom he is living at the time of the death of such parent. In the event of the death of an employee who has at the time of such death a living child by a former spouse or a child who has been deserted by such deceased employee under the age of 16 years, or over if physically or mentally incapacitated from earning, such child shall be conclusively presumed to be wholly dependent for support upon such deceased employee, even though not living with the deceased employee at the time of such death \* \* \*. In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury. Where a deceased employee leaves a person wholly dependent upon him for support, such person shall be entitled to the whole death benefit and persons partially dependent, if any, shall receive no part thereof, while the person wholly dependent is living. All persons wholly dependent upon a deceased employee, whether by conclusive presumption or as a matter of fact, shall be entitled to share equally in the death benefit in accordance with the provisions of this section. \* \* \* No person shall be considered a

sion refers to those persons considered "factual" dependents as opposed to those who are "conclusively presumed" dependents. If we were to hold that conclusively presumed dependent children must be either family members or lineal descendants, and are not entitled to benefits even though they qualify under other provisions of the section, this scheme would violate the equal protection considerations enunciated by the Supreme Court in *Weber, supra.*

Under the provisions of MCL 722.712(a); MSA 25.492(a) the father of an illegitimate child is legally obligated to pay for his child's support. In addition, the conclusive presumption language regarding "a child who has been deserted by such deceased employee" could include an illegitimate child who, along with its mother, was not a member of decedent's family at the time of his death. Relying on the decision in *Theodore v Packing Materials, Inc,* 396 Mich 152; 240 NW2d 255 (1976), this Court in *Wilson v General Motors Corp,* 102 Mich App 476, 480; 301 NW2d 901 (1980), stated as follows:

"The Supreme Court * * * reasoned that the conclusive presumption of dependency of § 331 of the Worker's Disability Compensation Act is premised upon the legal obligation of a parent to provide support for his child and that termination of a legal obligation to support a child likewise terminates the applicability of the conclusive-dependency presumption of the Worker's Disability Compensation Act."

The additional requirement for illegitimates being members of the family has the same effect as

dependent unless he is a member of the family of the deceased employee, or unless such person bears to the deceased employee the relation of husband or widow, or lineal descendent, or ancestor, or brother or sister."

requiring the child to be acknowledged, the discriminatory principle that was renounced in *Weber, supra.* If conclusive presumptions are accorded legitimate children because there is a legal obligation to support them, *Theodore* and *Wilson* require the same treatment for illegitimate children for the same reason.

We therefore believe the principal issue to be decided by the WCAB is whether the deceased was the father of Davy Crockett Bettelon. The WCAB failed to make specific findings of fact on this matter. A child may be a dependent of his or her father whenever paternity can be established. Where paternity is found, we hold that an illegitimate child must be treated no differently from a legitimate child in determining dependency.

Although paternity questions are normally decided in circuit court, we are persuaded that precedent exists to permit the Workers' Compensation Appeal Board to decide such issues in that forum. In the case of *Westfall v J P Burroughs & Son,* 280 Mich 638; 274 NW 358 (1937), the Supreme Court remanded to the Department of Labor (the predecessor to the WCAB for purposes of the statute) for a determination of paternity. See also *Roberts v Whaley,* 192 Mich 133; 158 NW 209 (1916). This approach has also been adopted in other jurisdictions. *SLW v Alaska Workmen's Compensation Board,* 490 P2d 42 (Alas, 1971); *Morgan v Susino Construction Co,* 130 NJL 418; 33 A2d 607 (1943), aff'd 131 NJL 329; 36 A2d 604 (1944); *In the Matter of Claim of Burns,* 55 NY2d 501; 435 NE2d 390; 450 NYS2d 173 (1982); *Lehigh Foundations, Inc v Workmen's Compensation Appeal Board,* 39 Pa Commw 416; 395 A2d 576 (1978); *Texas Employers' Ins Ass'n v Shea,* 410 F2d 56 (CA 5, 1969); *Shelley v Central Woodwork, Inc,* 207 Tenn 411;

340 SW2d 896 (1960); *Goins v Lott,* 435 NE2d 1002 (Ind App, 1982). The determination of paternity shall relate solely to the plaintiff's claim for workers' compensation benefits, and shall not constitute a determination of paternity made pursuant to the provisions of MCL 722.711 *et seq.;* MSA 25.491 *et seq.*

In making the above determination, we are mindful of the fact that fraudulent claims of paternity are easily made in connection with claims for compensation. In 2 Larson, Workman's Compensation Law, § 62.22(e), p 11-53, it is stated:

"*Weber* does not, however, solve the compensation law problem completely. There remains one nagging worry of a practical sort, which *Weber* did not have to concern itself with. The facts in *Weber* included an acceptance of the deceased's paternity as established, in spite of the absence of legal acknowledgement. But in the world of everyday life rather than stipulated facts, establishment of paternity is notoriously difficult. And when the child is born posthumously the difficulty is multiplied, since the alleged father is not available to contradict the mother's account. The danger of spurious claims against deceased workmen by unwed mothers looking for some added income cannot be ignored. Of course, if there is evidence of actual support of the mother by the decedent or of the child's living in decedent's household, the problem is lessened. But there will be causes in which there is no such evidence, and in which the deceased's paternity may yet be a fact. Under *Weber,* if that paternity is legally established, this ends the matter; the illegitimate child cannot be subjected to added requirements of actual dependency and living in the household if the same requirements are not applied to legitimate children."

We therefore reverse and remand to the WCAB for a determination of paternity. In the event paternity is established by competent, material

and substantial evidence, the presumptions of dependency to be applied by the WCAB shall be the same for an unacknowledged illegitimate child as those for a legitimate or acknowledged illegitimate child.