In the Matter of the Claim of VERNON RACHA, Appellant, v
VERNON RACHA/VERN'S TRUCK & DIESEL SERVICE et al.,
Respondents. WORKERS' COMPENSATION BOARD, Respon-
dent.

Third Department, October 12, 1989

## APPEARANCES OF COUNSEL

*Swartz, Evans, Dickinson, Parmeter, Tinker & Timmerman, P. C. (Daniel S. Dickinson, III,* of counsel), for appellant.

*Conboy, McKay, Bachman & Kendall (David L. Snyder* of counsel), for Vernon Racha/Vern's Truck & Diesel Service and another, respondents.

## OPINION OF THE COURT

Casey, J.

The Workers' Compensation Board denied a claim for death benefits filed on behalf of a child born subsequent to the death of the unmarried decedent, finding no evidence of the child's dependency on decedent. We reverse.

According to the undisputed testimony of the child's mother and paternal and maternal grandparents, decedent and the mother had a steady relationship for about one year prior to decedent's death. Decedent was 18 years old when he was killed in an industrial accident. The mother was 20 years old and seven months pregnant. Decedent was living with his parents, while the mother was living with her parents and receiving public assistance. According to the witnesses, decedent acknowledged on several occasions that he was the father of the unborn child. The child was born some 2½ months after decedent's death. Shortly before the child's birth, the mother married a man she had met approximately three weeks after decedent died. Within five months after her daughter was born, the mother transferred custody of the child to her parents. Thereafter, custody of the child was transferred to decedent's parents, who subsequently adopted her.

Under the Workers' Compensation Law, a posthumous child is treated the same as other children (Workers' Compensation Law § 2 [11]), and if the posthumous child is born out of wedlock, the claimant must meet the requirements applicable to other out-of-wedlock children *(Matter of Burns v Miller Constr.,* 55 NY2d 501, 506-507). Prior to 1983, the statute required a showing of acknowledgment and dependency for out-of-wedlock children (Workers' Compensation Law § 2 [former (11)]). In addressing a constitutional challenge to the acknowledgment aspect of the former statute, the Court of Appeals held that paternity must also be established and that, therefore, the requirement of acknowledgment served no legitimate interest *(Matter of Burns v Miller Constr., supra,* at 508-

510). The Legislature amended the statute in 1983 (L 1983, ch 113) to delete the acknowledgment requirement. Thus, as construed by the Court of Appeals, the statute requires that paternity and dependency must both be established.

Relying upon the presumption of legitimacy created by Domestic Relations Law § 24, the employer's workers' compensation insurance carrier argued before the Board that as a result of the mother's marriage to another man several days before the child's birth, claimant had failed to carry his burden of proof on the issue of paternity. The carrier also argued that claimant had failed to establish the necessary dependence of the child on decedent. The Board's decision focused only on the latter issue, finding no evidence of dependency, and therefore our discussion will be limited to the only ground advanced by the Board for its decision.

The added burden of proving actual dependency in the case of an out-of-wedlock child increases significantly when the child is posthumous. Since the death of the natural parent occurs before the child is born, it necessarily follows that there can be no direct evidence that the child was actually dependent upon the deceased parent. Relevant evidence as to whether the child would have been dependent upon the deceased parent had the child been born before the parent's death is circumstantial at best. Against this backdrop, it is noteworthy that the Board's decision contains no meaningful discussion of the evidentiary problem facing a claimant in the case of a posthumous out-of-wedlock child. Nor is there any attempt to analyze claimant's evidence and explain the deficiency. It cannot, for example, be determined whether the Board was focusing on evidence concerning decedent's conduct prior to his death or the circumstances of the child following her birth, or both. It is also noteworthy that the Board's decision does not involve the resolution of factual issues created by conflicting testimony. Nor did the Board reject any of the undisputed testimony as incredible. Rather, the Board simply found "no evidence of dependency". A review of the record reveals that such a finding is irrational.

Acknowledgment is no longer one of the statutory requirements in the case of an out-of-wedlock child, but evidence that a deceased parent acknowledged his child is relevant to the issue of dependency, and if such evidence is presented by a claimant it is patently irrational for the Board to find no evidence of dependency (see, Matter of Hunter v Goodstein Bros., 2 AD2d 387). An acknowledged illegitimate young child

is presumed to be dependent upon the father *(supra),* and the logic behind such a presumption is even more compelling in the case of a posthumous child, where direct evidence of actual dependency cannot exist. In this case, there is undisputed testimony that decedent acknowledged the unborn child on several occasions. The presumption of dependency which flows from this acknowledgment can be rebutted if the Board, upon substantial evidence, finds the child not to be dependent *(supra; see, Matter of Thompson v Thomashoff Press,* 31 AD2d 848). In our view, however, there is insufficient evidence in this record to permit such a finding. Although decedent failed to provide any direct monetary support to the natural mother, he did furnish some maternity clothing and he took her to her doctor for several of her regular visits during the pregnancy. There is also undisputed testimony that the young couple planned to marry and that decedent had made plans for housing for his family. The inability of the natural mother and her new husband to support and care for the child, relinquishing custody of the child some five months after she was born, buttresses the inference that the child was dependent on decedent. The child's adoption does not preclude an award of death benefits since it occurred subsequent to decedent's death *(cf., Matter of Bielinski v Herman Ungerman, Inc.,* 103 AD2d 73). The voluntary assumption of the child's care and support by decedent's parents should not deprive the child of a death benefit to which she would otherwise be entitled.

In *Matter of Burns v Miller Constr.* (55 NY2d 501, 508, *supra),* the Court of Appeals said that "[p]roof of dependency serves to further the goal of awarding benefits in order to keep the child off the public dole". Based upon this language, the carrier argues that unless the child's circumstances are such that she is in need of public assistance, there can be no finding of dependency. We reject this argument, for the court also reiterated that "[a]s a remedial statute serving humanitarian purposes, the Workers' Compensation Law should be liberally construed" *(supra,* at 508).

The Board's decision should therefore be reversed and the matter remitted for further proceedings on the claim.

MAHONEY, P. J., WEISS, LEVINE and MERCURE, JJ., concur.

Decision reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision.