# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 13, 2006

131638

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SCOTT R. MOORE, Deceased, and JESSICA
DOUGLAS,
          Plaintiff-Appellee,

v

PRESTIGE PAINTING and CONTRUCTION
ASSOCIATION OF MICHIGAN,
          Defendants-Appellants.

SC: 131638
COA: 267751
WCAC: 02-000403

_____/

On order of the Court, the application for leave to appeal the June 2, 2006 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration, as on leave granted, of the question whether the Workers' Compensation Appellate Commission erred in holding that the decedent had "deserted" the plaintiff's daughter, so as to make the daughter a conclusive dependent under the second sentence of MCL 418.331(b).

We do not retain jurisdiction.

CORRIGAN, J., concurs and states as follows:

I concur with the Court's decision to remand this case to the Court of Appeals for consideration as on leave granted. I write separately to highlight my concerns about the Workers' Compensation Appellate Commission's (WCAC's) analysis.

## I. Facts

Plaintiff Jessica Douglas gave birth to a daughter whom she named Jamie. Plaintiff now contends that she was in an exclusive sexual relationship with Scott Moore at the time of Jamie's conception. After Jamie was born, plaintiff and her daughter moved in with Moore. But about two months later, plaintiff and Moore quarreled, so plaintiff and her daughter moved back to plaintiff's parents' home. From that point

forward, Moore provided no financial support to plaintiff or her daughter. Moore did, however, sue to determine Jamie's paternity. Five days before the paternity hearing, Moore died in a workplace accident. He was employed by defendant at the time. Plaintiff Jessica Douglas sought workers' compensation death benefits on behalf of Jamie. Defendant and its insurer objected, challenging whether Jamie was Moore's daughter, and, if so, whether Jamie was Moore's dependent. The WCAC ultimately found that plaintiff had met her burden of proving that Moore was Jamie's father, and that Jamie was a conclusive dependent of Moore because he had "deserted" her under MCL 418.331(b). The Court of Appeals denied leave to appeal.

## II. Discussion

I have three concerns regarding the WCAC's analysis in affirming the magistrate's award of death benefits to plaintiff on behalf of her daughter.

First, the WCAC relied on a "court document" that was apparently not in the record. In affirming the magistrate's determination of paternity, the WCAC relied on Moore's "admission in the paternity petition" and "[p]laintiff's exhibit #1, a court document, [that] evidences that it was Mr. Moore who was the plaintiff in a paternity suit, trying to establish his rights." (WCAC opinion, p 5.) As Commissioner Przybylo pointed out in his dissent, the WCAC could not properly consider the paternity complaint as an admission because the records from the paternity action were never introduced as evidence in the workers' compensation action. I question how the WCAC arrived at any conclusion regarding matters not in evidence.

Second, I question the WCAC holding that Jamie Douglas is a conclusive dependent of Moore because Moore "deserted" her within the meaning of MCL 418.331(b). MCL 418.331(b) provides, in pertinent part:

> The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:
>
> * * *
>
> (b) A child under the age of 16 years . . . . In the event of the death of an employee who has at the time of death a living child by a former spouse or a child who has been deserted by such deceased employee under the age of 16 years, . . . such child shall be conclusively presumed to be wholly dependent for support upon the deceased employee, even though not living with the deceased employee at the time of death and in all cases the death benefit shall be divided between or among the surviving spouse and all the children of the deceased employee, and all other persons, if any,

who are wholly dependent upon the deceased employee, in equal shares the surviving spouse taking the same share as a child.

In determining that Moore "deserted" Jamie, the WCAC stated, "When a parent is attempting to establish paternity in court and at the same time fails to support the involved child, he is as much a deserter of his child as the father who leaves town and disguises his identity to avoid supporting his child born out of wedlock." (WCAC opinion, p 8.) At the time of Moore's death, Moore and plaintiff were not married. It had not been established that Jamie was Moore's child. In fact, it appears that plaintiff did not concede that Moore was Jamie's father, because, if she had, a paternity suit would not have been necessary. Because there was a question regarding paternity, Moore had no established legal obligation to support Jamie. Further, it was understandable that Moore would not provide support to a woman who had left him and taken with her a child he was not sure was his own. How could Moore desert Jamie when there had been no determination before Moore died that he had a legal obligation to support Jamie or that Jamie was Moore's "child" under MCL 418.331(b)?

Third, the WCAC decision appears to be rooted in the WCAC's own views of "socially remedial legislation" (WCAC opinion, p 8) and based on inapplicable case law purportedly supporting these views, rather than on the language of the statute. In determining that Moore "deserted" Jamie, the WCAC focused on the need to treat legitimate and illegitimate children equally, citing *Bettelon v Metalock Repair Service*, 137 Mich App 448 (1984). The issue in *Bettelon* was whether a decedent's illegitimate child could be considered a dependent who is entitled to benefits. The *Bettelon* panel held that "[w]here paternity is found, we hold that an illegitimate child must be treated no differently from a legitimate child in determining dependency." *Id.* at 453. But this discussion of legitimacy in *Bettelon* does not address the situation in the instant case, where Moore's paternity was not established before he died. There is no dispute that legitimate and illegitimate children are equally entitled to benefits under the statute. If Jamie is not a conclusive dependent, it is not because she was born out of wedlock, but because Moore did not "desert" her under the meaning of the statute. In fact, even if plaintiff and Moore were married when Jamie was born and remained married until Moore died, Jamie would not be a conclusive dependent under MCL 418.331(b) unless Moore "deserted" her.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 13, 2006

t1107

Clerk